Argued and submitted June 8, affirmed November 29, 1983

WALLACE,
*Respondent on Review,*

*v.*

GREEN THUMB, INC.,
*Petitioner on Review.*

(WCB No. 81-02577; CA A24243; SC 29443)

672 P2d 344

Emil R. Berg, Portland, argued the cause for petitioner on review. With him on the briefs was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Charles S. Tauman, Portland, argued the cause for respondent on review. With him on the briefs was Willner, Bennett, Bobbitt & Hartman, Portland.

LENT, J.

**LENT, J.**

The issue is whether an injury sustained on the employer's premises during personal comfort activities by a resident employee continuously on call[1] is compensable. We hold that it is and affirm the Court of Appeals. The employer's denial of the claim was affirmed by the referee and the Workers' Compensation Board. Claimant requested judicial review, and the Court of Appeals reversed and remanded with instructions to accept the claim. *Wallace v. Green Thumb, Inc.,* 61 Or App 695, 658 P2d 560 (1983).

Claimant was the caretaker of a rural fire station used by a volunteer fire department. Among his duties was responding to every fire alarm by preparing the station and fire truck for the arrival of the volunteer firemen. Claimant was on call 24 hours a day and was required by the employer to live on the fire station premises. He lived in his own mobile home, which had been moved onto the premises and connected to utilities by the employer. He was injured while preparing a meal when a fire started in the butane stove of this mobile home.

ORS 656.005(8)(a) defines a "compensable injury" as an accidental injury "arising out of and in the course of employment * * *." When interpreting the language "arising out of and in the course of employment," this court has "repeatedly cautioned that the reading of other decisions is normally of little assistance when this issue is presented and that each case must be decided on its own particular facts." *See, e.g., Ramseth v. Maycock,* 209 Or 66, 70-71, 304 P2d 415 (1956). Two of our recent decisions, however, are instructive

---

[1] We define, for purposes of this opinion, the term "resident employee" to mean any employee who is required due to the nature of the employment to reside on employer's premises, and the term "continuously on call" to mean a requirement that the employee be available for duty twenty-four hours a day.

The record is not completely clear as to the relationship between the fire department and Green Thumb, Inc. The claim was originally denied by "GAB Business Services, Inc.," which appears to be some kind of service agency for the Workers' Compensation insurer for Green Thumb, Inc. In its brief on review by the Workers' Compensation Board, the employer/insurer stated that the fire and injury "occurred in a mobile home owned by the claimant and parked on the employer's premises. * * * At the time of his initial employment, the claimant's mobile home was moved onto property immediately adjacent to the Mosier Fire Station which was owned by the employer."

on the test to be used in determining whether claimant's injury herein arose out of and in the course of employment.

In *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980), we adopted a unitary "work-connection" approach to supplant the former two-step analysis, which considered "arising out of" and "in the course of" as two separate tests. In doing so, we stated that:

> "* * * the ultimate inquiry is the same: is the relationship between the injury and the employment sufficient that the injury should be compensable?"

289 Or at 642. We also noted the intended effect of the unitary test, specifying that it was

> "* * * not our intention to substantially change fundamental Workers' Compensation law. If the injury has sufficient work relationship, then it arises out of and in the course of employment and the statute is satisfied. Existing law regarding proximity, causation, risk, economic benefit, and all other concepts which are useful in determining work relationship remain applicable. * * *"

289 Or at 643.

In *Clark v. U.S. Plywood,* 288 Or 255, 605 P2d 265 (1980), we stated:

> "We believe that the compensability of on premises injuries sustained while engaged in activities for the personal comfort of the employee can best be determined by a test which asks: Was the conduct expressly or impliedly allowed by the employer?"

288 Or at 266. We expanded on this, saying that:

> "* * * conduct which an employer expressly authorizes and which leads to the injury of an employee should be compensated whether it occurs in a directly related work activity or in conduct incidental to the employment. Similarly, where an employer impliedly allows conduct, compensation should be provided for injuries sustained in that activity. For example, where an employer acquiesces in a course of on-premises conduct, compensation is payable for injuries which might be sustained from that activity."

288 Or at 267.

■ *Rogers* and *Clark,* read together, formulated a unitary work-connection test, which, in instances of injuries occurring

on premises and during personal comfort activities, focuses on whether the employer has allowed the activity and whether the conduct occurs in a directly related work activity or in conduct incidental to the employment.

■    Compensation awards should not result, however, from the "mere fact" that the employment placed the employee at the site of the injury; a disfavored outcome in Oregon. *See Blair v. State Ind. Acc. Comm'n.*, 133 Or 450, 455, 288 P 204 (1930) ("For a personal injury to arise out of and in the course of the employment, there must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury"); *Stuhr v. State Ind. Acc. Comm'n.*, 186 Or 629, 634, 208 P2d 450 (1949) ("The mere fact that the employment brought the injured person to the place of the accident is not sufficient" to establish a work connection).

■    A recent Court of Appeals decision has been relied upon by the employer to assert the noncompensability of the injury to the claimant in the instant case. However, we view *Otto v. Moak Chevrolet,* 36 Or App 149, 583 P2d 594 (1978), *rev den* 285 Or 319 (1979), as following the "mere fact" principle enunciated in *Blair* and *Stuhr.* The holding in *Otto* was:

> "The mere fact that the injury occurred on her employer's premises during working hours does not entitle claimant to benefits absent some connection between her injury and her work."

36 Or App at 154. No connection between claimant's injury and a risk of her employment was shown in *Otto.* It was not alleged that she was injured by an instrumentality connected to employment, which is the situation in the instant case.[2] *Otto* is thus inapposite.[3]

---

[2] If the claimant in *Otto* had been injured due to a broken toilet seat, for example, she would be in an analytically similar position as claimant herein so far as determination of this particular issue is concerned, and her injury would have been compensable. This does not imply that injuries are compensable only if caused by an instrumentality of the employment; such is not the case so long as sufficient work connection is demonstrated under the rule of *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980).

[3] For the reasons stated in our opinion in *Phil A. Livesley Co. v. Russ*, 296 Or 25, 672 P2d 337 (1983), we do not regard that case as being a "mere fact" case in the sense of the decisions to which reference has just been made in the text of this opinion.

■ ■ Once it is established, however, that the injury-causing activity engaged in is connected to the "on-duty" work of the resident employee, then the employee's status as a resident employee continuously on call must be considered. It is this factor which typically requires the activity to be engaged in on the premises and which typically leaves no off-premises alternatives available to the employee for accomplishing the personal comfort activity. The presence of this requirement of the employment is an integral part of compensability for work-connected injuries sustained by resident employees continuously on call.[4]

■ The preparation and consumption of meals are requisite for the effective performance of the "on-duty" tasks of virtually any resident employee continuously on call. The injury incurred by claimant while preparing a meal was thus work connected. To perform adequately the "on-duty" tasks as caretaker of the fire station, claimant had to eat, and to eat he had to prepare meals. His status as a resident employee continuously on call necessitated that he be on the premises during meal preparation, and because the employer had provided no means by which claimant could prepare hot meals other than cooking in his mobile home, his injuries arising from that activity are compensable. His injury arose directly from an unexpected fire occurring in an instrumentality he was required to use in activities not only allowed, but expected, by the employer.

The decision of the Court of Appeals is affirmed.

---

[4] This analysis does not effect a return to the two-step conjunctive approach to work connection. *Rogers* states that "the two tests are ultimately one test; 'in the course of' is merely one aspect of 'arising out of.' " 289 Or at 640. Our analysis in the instant case identifies two aspects of the "arising out of" or work-connection test: whether the activity is necessary for effective performance of "on-duty" tasks and whether it was required to be engaged in on the premises. The latter could be considered the "in the course of" aspect of the test.