Argued and submitted November 15, affirmed December 19, 1984

In the Matter of the Compensation of
Jerry W. Kessen, Claimant.
## KESSEN,
*Petitioner,*

*v.*

## BOISE CASCADE CORPORATION,
*Respondent.*

(82-01160; CA A30610)

693 P2d 52

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Paul De Muniz, Salem, argued the cause for respondent. With him on the brief were Robert R. Trethewy and Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this workers' compensation case involving an altercation at work, claimant appeals from the Board's order on review, which affirmed and adopted the referee's opinion and order denying compensation because of the so-called "aggressor defense." We affirm.

Claimant is a 35-year old truck driver. Although employer's drivers are not always assigned particular shifts, claimant generally worked nights during the period of this incident. At 5 p.m. on the evening in question, claimant reported to work at employer's Independence truck terminal. After signing in and receiving his dispatch instructions, he asked Martin, his supervisor, for the night off on the coming Monday. On the afternoon of that day, claimant intended to attend a funeral for a friend and co-worker. Martin indicated that all the drivers could attend the funeral but that claimant would not be excused from work that evening.

Upset by the refusal of his request, claimant immediately left the terminal office, slamming the door behind him. Martin called to him to come back, directing him to "close the door right." Now even more upset, claimant came back into the office. He began telling Martin off, saying that the job assignments were not being made fairly and that certain day shift drivers were being shown favoritism.

Suddenly, claimant turned his anger directly at Huff, another truck driver, who had just completed a 12-hour shift and was seated in a swivel chair with one foot propped up on the driver's desk where claimant had signed in. In anger, claimant began pointing and shaking his finger at Huff. Speaking in a loud voice, he moved toward Huff, accusing him of being one of those "favored few." He then grabbed Huff's wrapped and bandaged left arm, which had only recently been removed from a cast. (Huff had broken the arm two and a half weeks before.) Huff rose from his chair and nailed claimant with a right to the jaw, causing the injuries resulting in this proceeding.

The sole issue for us to decide is whether, under these facts, claimant's admitted injuries are compensable. Agreeing with the determinations of both the referee and the Board, we hold that they are not compensable.

The applicable statute is ORS 656.005(8)(a), which defines a "compensable injury." In 1981, the legislature amended this section to exclude from compensable injuries injuries received in certain activities. The amendment provides:

"* * * However, 'compensable injury' does not include injury to any active participant in assaults or combats which are not connected to the *job assignment* and which *amount to a deviation from customary duties.*" (Emphasis supplied.)

We do not see any ambiguities or uncertainties in the statute, as applied to this situation. Therefore, we construe it according to its plain meaning. *See Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 299, 613 P2d 32 (1980).

■ ■ The statutory provision—often referred to as the "aggressor defense"—clearly contemplates a four-part test. In order to be barred from receiving compensation, (1) the claimant must be an active participant, (2) in assaults or combats, (3) which must not be connected to the job assignment and (4) which must amount to a deviation from customary duties. We find that all four of the requirements have been established by the facts in this case.

Claimant was an active participant in the altercation. Although he was the recipient of the only blow struck, he was the one who, because of his anger, vocal tirade and threatening gestures, actually initiated the fight. We agree with the referee in his characterization of claimant as being the aggressor.

The statutory exclusion refers either to assaults *or* combats. It is somewhat doubtful that the incident rose to the level of a "combat." However, the participant's conduct clearly constituted an "assault."

The assault was not *connected* to claimant's job assignment; it was clearly a deviation from his *customary* duties. Unlike a boxing instructor or a bouncer, whose job may entail assaultive conduct, claimant's job was to drive a truck, along with the incidental duties of loading and unloading and checking in and out of the office. His confrontation with Huff was a deviation from those duties. We conclude that claimant did not sustain a compensable injury.

Affirmed.