Argued and submitted May 9, reversed September 10, reconsideration denied October 31, petition for review allowed December 3, 1986 (302 Or 342)

In the Matter of the Compensation of
Edward J. Reel, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

## REEL,
*Respondent.*

(WCB 84-00293; CA A36984)

724 P2d 914

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Thaddeus J. Hettle, Salem, argued the cause for respondent. With him on the brief was Rolf Olson, P.C., Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

SAIF petitions for review of an order of the Worker's Compensation Board which held that claimant was entitled to benefits for injuries he sustained in an explosion caused by a defective propane tank in his camper. We conclude that claimant was not entitled to compensation and reverse.

Claimant was a dump truck driver for a paving contractor which had its principal place of business in McMinnville, Oregon. His permanent home is in Salem, but his job took him all over the state to various construction sites. At the time of the injury, he was working on a job in Cascade Locks, a distance of 89 miles from Salem. He had decided to drive his pickup and camper to the job site and live there for the duration of the job, four to eight weeks. The night before the injury, claimant discovered that he was out of coffee. He drove to the local store to buy some, but he found it closed. He parked his camper on the other side of the road and spent the night there. The following morning, while claimant was in his camper and was attempting to light a cigarette, fumes from the camper's defective propane tank caused an explosion, and he was badly burned. The Board affirmed the referee's holding that claimant was acting within the course of his employment when he was injured and is entitled to compensation under the rule stated in *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980).

Claimant argues that he was either a "resident" or "traveling" employe. Under either theory he claims that he is entitled to broader than ordinary coverage for injuries sustained during periods of personal activity. *See* 1A Larson, Workmen's Compensation Law 5-212, §§ 24 and 25 (1985). Claimant would be considered a resident employe if he were required by his employer or by practical necessity to live on his employer's premises. He would be covered for injuries occurring on the premises associated with the conditions under which he was required to live. *See Wallace v. Green Thumb, Inc.,* 296 Or 79, 672 P2d 344 (1983). Claimant was not required to live on employer's premises, and his injury did not occur there. He was not a resident employe.

We would treat claimant as a traveling employe if he were required by the nature of his work to travel "away from the employer's premises." 1A Larson, *supra,* at 5-525; *see Slaughter v. SAIF,* 60 Or App 610, 654 P2d 1123 (1982). He

would be compensated for injuries arising out of the necessity of traveling, except if a distinct departure on a personal errand were shown. *Beneficiaries of McBroom v. Chamber of Commerce,* 77 Or App 700, 713 P2d 1095 (1986); *Simons v. SWF Plywood Co.,* 26 Or App 137, 552 P2d 268 (1976). His travel brought him *to* and not away from his employer's job site. We conclude that he was not a traveling employe in the sense that the term is used for workers' compensation purposes.

■ The ultimate test of compensability is whether the relationship between claimant's injury and his employment was sufficient to make the injury compensable. *Rogers v. SAIF, supra,* 289 Or at 638. Claimant was injured while engaging in a purely personal activity which bore no relationship to his employment. In no sense was the injury the result of a risk associated with his employment. It is not compensable.

Reversed.