Argued and submitted September 14, reversed and remanded to Workers' Compensation Board for reconsideration on occupational disease claim December 5, 1990

In the Matter of the Compensation of
David L. Vorderstrasse, Claimant.

TELEDYNE WAH CHANG
and Argonaut Insurance Co.,
*Petitioners,*

*v.*

David L. VORDERSTRASSE,
*Respondent.*

(WCB No. 86-14401; CA A63132)

802 P2d 83

Jenny Ogawa, Salem, argued the cause for petitioners. With her on the brief was Kevin L. Mannix, P.C., Salem.

Karen M. Werner, Eugene, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Employer seeks review of an order of the Workers' Compensation Board that reversed the referee and concluded that claimant's occupational disease claim is compensable.[1] We reverse and remand.

Claimant injured his right wrist while using a pneumatic grinder at work in 1982. The claim was accepted by employer as nondisabling. In 1983, claimant filed a claim for additional medical services for his right wrist, which employer denied. Claimant then began experiencing left wrist pain, for which he received medical treatment. The parties eventually stipulated that employer would pay for medical services for both the left and right wrists.

Claimant continued to suffer pain, numbness and decreased circulation in both hands. In August, 1986, he saw Dr. Ellison, a hand surgeon, who diagnosed Raynaud's Phenomenon, secondary to work activities. Employer denied that claimant's bilateral problem was related to his 1982 compensable right wrist injury and also denied that it was a compensable occupational disease, because the work was not the major contributing cause. At employer's request, after that denial, claimant saw Dr. Button, who also diagnosed Raynaud's Phenomenon, secondary to the use of grinders at work.

Claimant requested a hearing. The referee said that "[t]he denial must be clarified." She affirmed the denial of the aggravation claim, but she made no express finding of whether the 1986 condition was related to the 1982 injury. Nonetheless, she reversed the denial of the occupational disease claim to the extent that it denied the relationship of claimant's condition to work. The referee otherwise affirmed denial of compensability of the occupational disease claim, because the disease had not been disabling, nor had it required medical services. By that "clarification," the referee apparently intended to protect claimant's position should Raynaud's Phenomenon ever cause disability or require medical services.

---

[1] When the claim was filed, ORS 656.802(1) (*since amended by* Or Laws 1987, ch 713, § 4) defined "occupational disease" as

"any disease or infection which arises out of and in the scope of employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein."

Claimant appealed to the Board on both the aggravation claim and the occupational disease claim. The Board affirmed the referee on the aggravation claim, but reversed on the occupational disease claim, on the basis that Raynaud's Phenomenon is a disease of which the work was the major cause and diagnostic services had been rendered. Only the occupational disease claim is before us.

Employer argues that the Board's reasoning was wrong, because it supposedly first found that the medical services were compensable, then concluded that the claim was compensable because it required medical services. Employer asserts that claimant first had to prove a disease or injury, which he did not do, and then that he had incurred medical expenses or had become disabled. *Finch v. Stayton Canning Company,* 93 Or App 168, 761 P2d 544 (1988); *see also Collins v. Hygenic Corp. of Oregon,* 86 Or App 484, 739 P2d 1073 (1987). It challenges the Board's conclusion on two grounds: (1) As a matter of law, Raynaud's Phenomenon cannot be a disease, because it is identified only by symptoms; and (2), in the light of the medical evidence from both parties, there was not substantial evidence to support a conclusion that claimant suffered from a disease.

■ Employer's argument that Raynaud's Phenomenon cannot be a compensable disease, because it is only a group of symptoms, fails. If the medical evidence supports the conclusion that the manifested symptoms are the disease, the condition may be compensable. *Georgia-Pacific Corp. v. Warren,* 103 Or App 275, 278, 796 P2d 1246 (1990). We cannot say, as a matter of law, that Raynaud's Phenomenon is not a disease.

■ We review for substantial evidence to support the Board's finding. All of the evidence on whether Raynaud's Phenomenon is a disease came from employer's expert, Button.[2] On the basis of its interpretation of that testimony, the

---

[2] In a deposition, Button testified about the etiology of the condition:

"In simplified terms, Raynaud's [P]henomenon relates to vasospasm of the blood vessels. The blood vessels are in a sense like tubes with valves and they may open and close. There's a fine spider-web complex of nerves which surround the vessels which controls this opening and closing mechanism, depending upon temperature, trauma and so forth. What happens in Raynaud's phenomenon is, for whichever reason, the blood vessels will suddenly go into spasm, in a sense the valves will shut down. When that occurs— it's common in fingers — people will notice that their hands will turn blue or white and feel very cold. The most common factor

Board found that the only way that the phenomenon is made manifest is by its characteristic symptoms. It also found that it consists of vasospasms of nerves surrounding blood vessels that temporarily shut them, causing fingers to turn blue or white and to feel cold. Although they are temporary, those are physical changes, not just symptoms. There was substantial evidence in Button's testimony to support those findings, and the findings support the conclusion that claimant has a disease.

Employer next argues that the Board's conclusion that the work was the major contributing cause of his condition is not supported by substantial evidence. It also argues that the order is insufficient for our review, because it lacks findings to substantiate and explain that conclusion.

We address the sufficiency of the order first. It states, as a finding of fact, that claimant's work activities were the major cause of Raynaud's Phenomenon without stating any evidentiary basis for that finding. Employer characterizes the Board's finding as a conclusion. Whether claimant's work activity was the major contributing cause of his disease is a mixed question of law and fact. Therefore, in this context, it is an ultimate finding required to be made in order to determine whether the claim was compensable. Notwithstanding that, employer correctly points out that the Board's order must contain a statement of the underlying facts that support the findings on each contested issue or ultimate fact, as well as an explanation of how the findings lead to the conclusion. *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205-06, 752 P2d 312 (1988).

The Board agreed with the referee, so it was not required to reiterate the referee's findings, if they were adequate. *Johnston v. James River Corporation,* 91 Or App 721, 722, 756 P2d 696 (1988). The difficulty is that the referee's "FINDINGS OF FACT" consist of nothing but recitations of

---

usually is the cold weather exposure. The phenomenon is temporary in a sense because suddenly the nerves will start to function again and the vessels will reopen and then there's a flush where the hand will actually get warmer and pinker in color than normal.

"* * * * *

"It's a temporary, intermittent phenomenon. When it occurs, it's just a temporary shutdown. But there's no permanent damage to the tissue."

the procedural record and the medical evidence, except for the concluding sentence: "Claimant suffers from Raynaud's [P]henomenon." That is the only finding of fact. In her conclusions, the referee also said that "that condition has * * * neither been disabling nor required medical services." She made no express finding with respect to the issue of work connectedness.

■     The Board rejected the referee's conclusion that claimant's condition had not required medical treatment. For an unexplained reason, the referee ignored claimant's going to Ellison because of the pain and numbness in his hands. Ellison's diagnostic efforts could be compensable medical treatments. *See Collins v. Hygenic Corporation of Oregon, supra.* The Board's conclusion is supported by substantial evidence.

■     The Board also said: "Because the [r]eferee concluded that the Raynaud's [P]henomenon was caused by claimant's work, she clarified the denial to specify that it was caused by the work, albeit not compensable." Although that may be a fair interpretation drawn from the logic of the referee's opinion, it is not accurate. The referee failed to make any finding with respect to the causal effect of the work. At best, she only reviewed the evidence. Without "an ordered set of findings of fact and * * * any explanation of why facts * * * lead to its conclusion," the referee's order was inadequate, and the Board could not merely agree with the referee. *Armstrong v. Asten-Hill Co., supra.* The Board's order is inadequate for our review.

Reversed and remanded to Workers' Compensation Board for reconsideration on occupational disease claim.