Argued and submitted November 14, affirmed December 26, 1990, reconsideration denied February 20, petition for review denied April 2, 1991 (311 Or 261)

In the Matter of the Compensation of
Robert R. Brown, Claimant.

Robert R. BROWN,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE CO.,
and Parr Lumber Co.,
*Respondents.*

(88-15039; CA A64644)

803 P2d 780

Cynthia L. Barrett, Portland, argued the cause and filed the brief for petitioner.

Janet C. Knapp, Portland, argued the cause for respondents. With her on the brief were Ronald W. Atwood and Williams, Zografos & Peck, P.C., Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of an order of the Workers' Compensation Board denying compensation for his injury. He argues that the Board erred in concluding that his injury was not work-related. ORS 656.005(7)(a).[1] We affirm.

The Board found that claimant, a retail sales representative at a lumber yard, went to the lumberyard to check on a customer's order. While he was there, another co-worker threw a glove at him, and he tossed it back. Claimant began to run toward a pile of lumber, and the co-worker ran after him. Claimant and his co-worker became entangled while jumping over a pile of lumber and fell. Later, they admitted that they had been "horsing around." Claimant injured his left knee in the fall, and he applied for workers' compensation benefits. His claim was denied. The Board found that employer was actively engaged in a program to keep horseplay activity under control and had not acquiesced in the horseplay. It held that there was no causal relationship between claimant's injury and a risk connected with his employment, and so it concluded that his injury did not arise out of or in the course and scope of his employment.

Claimant relies on *Stark v. State Industrial Acc. Com.,* 103 Or 80, 204 P 151 (1922), and *SAIF v. Noffsinger,* 80 Or App 640, 723 P2d 358, *rev den* 302 Or 342 (1986). He does not argue that there was not substantial evidence to support the Board's findings. Instead, he argues that injuries that result from horseplay are always compensable, because horseplay in the workplace is so commonplace that "it is automatically within the scope of employment."

---

[1] ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means. However, 'compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties; or

"(B) Injury incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities solely for the worker's personal pleasure."

In *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980), the court said:

> " 'The statutory phrase "arising out of and in the course of employment" must be applied in each case so as to best effectuate the socio-economic purpose of the Worker's Compensation Act: the financial protection of the worker and his/ her family from poverty due to injury incurred in production, regardless of fault, as an inherent cost of the product to the consumer. 1 Larson, Workmen's Compensation Law § 2.20. Various concepts have arisen from attempts to rationalize that purpose, e.g., the going and coming rule, special errands, lunch hour cases, dual purpose trips, impedimenta of employment, horseplay, etc. Each is helpful for conceptualization and indexing, but there is no formula for decision. *Etchison v. SAIF,* 8 Or App 395, 398, 494 P2d 455 (1972). Rather, in each case, every pertinent factor must be considered as a part of the whole. It is the basic purpose of the Act which gives weight to particular facts and direction to the analysis of whether an injury arises out of and in the course of employment.' " 289 Or at 643, quoting with approval *Allen v. SAIF,* 29 Or App 631, 633, 564 P2d 1086, *rev den* 280 Or 1 (1977).

Thus, it is clear that injuries resulting from horseplay are not "always" compensable. An employer is not liable for any and all injuries to its employees regardless of the cause. A claimant must show a causal link between the occurrence of the injury and a risk connected with his or her employment. *Phil A. Livesley Co. v. Russ,* 296 Or 25, 29, 672 P2d 337 (1983).

Both *Stark v. State Industrial Acc. Com., supra,* and *SAIF v. Noffsinger, supra,* are not to the contrary. In *Stark,* the claimant had been scuffling with another employee and was fatally injured when he stumbled while holding an air hose. The court examined the working conditions under which the claimant was injured, including the fact that horseplay was customary and did not violate any company rules. 103 Or at 98. The court said:

> "There must be a causal connection between the employment and the injury and the injury must be the rational consequence of some hazard connected with the employment." 103 Or at 94.

The court concluded that, under the facts, the accident arose out of and in the course of employment and was compensable.

In *Noffsinger,* the issue was whether the claimant's

depression, which arose from job pressures and harassment and horseplay by his co-workers, was an occupational disease. We considered the actual conditions of the claimant's job and noted that, when claimant asked his supervisor to put a stop to the horseplay and harassment, the supervisor denied that they had occurred. We concluded:

"'The horseplay and harassment by the claimant's fellow employes were sufficiently work-connected that any illness that arose therefrom could be considered to have arisen out and in the scope of claimant's employment within the meaning of [*former*] ORS 656.802(1)(a)." 80 Or App at 648.

Because injuries arising from horseplay are not work-related as a matter of law, and claimant does not challenge the sufficiency of evidence to support the Board's conclusion that the incident in which claimant was injured was not work-related, the Board did not err in concluding that claimant's injury was not compensable.

Affirmed.