Argued and submitted December 7, 1990, reversed and remanded May 15, 1991

In the Matter of the Compensation of
Ismeal M. Barajas, Claimant.

SAIF CORPORATION
and Summitt Enterprises,
*Petitioners,*

*v.*

Ismael M. BARAJAS,
*Respondent.*

(WCB No. 88-10277; CA A64438)

810 P2d 1316

John Reuling, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Roger Ousey, Eugene, argued the cause for respondent. With him on the brief was Bischoff & Strooband, P.C., Eugene.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Summitt Enterprises, employer, seeks review of a Workers' Compensation Board order that held that claimant's injuries are compensable under ORS 656.005(7)(a).[1] We hold that the order is inadequate for review.

Claimant is a tree planter. Sometime before April 4, 1988, employer transported him and other employees from Medford to California. Claimant's home was in Medford. He stayed in California in a motel room paid for by employer, which provided transportation from the motel to the work site and back each day of work.

The Board adopted the findings of the referee, of which these are relevant:

"(2) * * * Having the employees at the motel benefited the employer.

"(3) Having the employees congregated at the motel, with no transportation away from it, was contemplated by the employer. The participants would not have been in Orleans, California on April 4, 1988 but for the employer's intervention.

"(4) The trip from the motel to town and return was for reasons not related to employment. By the credible testimony of claimant, it was to buy shoes. Claimant was not paid for this activity, although transportation was provided by the employer. During the trip, which lasted from 1:00 p.m. to approximately 7:00 p.m., both claimant and Mr. Gomez consumed significant quantities of beer. Verbal exchanges, increasingly vituperative, occurred that afternoon.

"(5) The employer did not prohibit drinking beer after work hours. Although April 4 was a regular work day, the

---

[1] ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means. However, 'compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties; or

"(B) Injury incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities solely for the worker's personal pleasure."

crew was assigned no activity and was not paid for its presence at the motel. The employees were theoretically free to come and go from the motel at will; their conduct was not regulated, either expressly or impliedly, by the employer after working hours.

"(6) Shortly after Mr. Gomez and claimant returned from the shopping/beer drinking trip, Mr. Gomez stabbed claimant, resulting in the need for medical treatment * * *. On June 16, 1988 SAIF denied that the stabbing incident was in the course and scope of employment * * *.

"(7) The reason for the dispute between the two men was work-related: Mr. Gomez was distressed by the fact that he no longer was claimant's supervisor-he had been demoted the week before * * *.

"(8) Mr. Barajas was not the aggressor. Mr. Gomez procured the knife; Mr. Barajas indicated an unwillingness to fight. The blows that were exchanged were in response to the threat of the weapon in Mr. Gomez' hand * * *."

The Board supplemented those findings with findings that "claimant's injury occurred while he was working away from home for the employer and living with coworkers in a motel"; he was "injured after he and his fellow workers returned to their motel from a trip into town, where they became intoxicated"; and he was "stabbed by a coworker after further liquor was consumed at the motel."

The referee concluded that claimant was not a "traveling employee." *But see SAIF v. Reel,* 81 Or App 258, 260, 724 P2d 914 (1986), *aff'd* 303 Or 210, 735 P2d 364 (1987). The Board said that it did "not necessarily agree" with that, but it did not analyze the issue any further. It concluded that an argument between co-workers who are staying at a motel for the employer's convenience is work-related and that claimant's injuries are therefore compensable under the factors identified in *Mellis v. McEwen, Hanna, Gisvold,* 74 Or App 571, 574, 703 P2d 255, *rev den* 300 Or 249 (1985).

We agree with the Board that claimant's injury was incurred in the course of his employment. However, ORS 656.005(7)(a)(A) necessitates a further inquiry, because its criteria relate to *compensability.* If the injury is incurred by an active participant in an assault or combat that is not an actual part of the job, it is not compensable. That exclusion

has been referred to, however inexactly, as the "aggressor defense." *See Kessen v. Boise Cascade Corp.,* 71 Or App 545, 548, 693 P2d 52 (1984). Although an aggressor is clearly an active participant, aggressiveness is not the only criterion. The Board adopted the referee's findings that claimant was not the aggressor, that he expressed an unwillingness to fight and that he struck Gomez only as a result of being threatened by the knife. There is substantial evidence to support those findings. However, there are no findings as to how or why claimant became involved in an altercation with Gomez while Gomez was armed with a knife. The referee's conclusion that claimant was a bystander does not logically flow from the findings. Because the findings are insufficient, the Board's order is insufficient for review and must be remanded for further findings respecting the applicability of ORS 656.005(7)(a)(A). *See Teledyne Wah Chang v. Vorderstrasse,* 104 Or App 498, 802 P2d 83 (1990).

In the light of the Board's *de novo* review authority on remand, we need not decide any other issues presented by the petition for review.

Reversed and remanded for proceedings not inconsistent with this opinion.