Argued and submitted February 24, affirmed December 2, 1992

In the Matter of the Compensation of
Richard L. Jasenosky, Claimant.

IRVINGTON TRANSFER
and SAIF Corporation,
*Petitioners,*

*v.*

Richard L. JASENOSKY,
*Respondent.*

(90-01455; CA A69535)

842 P2d 454

Kenneth L. Kleinsmith, Portland, argued the cause for petitioners. With him on the brief was Meyers & Radler, Portland.

Glen H. Downs, Portland, argued the cause for respondent. With him on the brief were J. Michael Casey and Doblie & Associates, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Employer seeks review of a Workers' Compensation Board order that held that claimant's injury, which resulted from an altercation with a fellow employee at work, was not excluded from compensability under *former* ORS 656.005 (7)(a) as an injury sustained by a claimant who was an "active participant" in a fight that occurred on the job.[1] Employer argues that the Board's findings are not supported by substantial evidence and that the Board erred as a matter of law in concluding that claimant was not an active participant in the altercation. We affirm.

Claimant was a furniture mover. In early December, 1989, he told employer that a co-worker, Cottingham, had verbally threatened him and that he did not want to work with Cottingham again. On December 20, 1989, claimant was assigned to work in the storage bay next to Cottingham. Shortly after claimant started working, another employee told him that "Cottingham still wants to kick your ass. That's all he talks about." As the referee found, after hearing that comment:

"Claimant was angry and upset that Cottingham still wanted to fight. Within ten minutes of his assignment to bay 3, claimant left his area and approached the top of bay 2. He held cardboard in his left hand. When he was about 30 feet away from Cottingham, he yelled to him over the warehouse noise, 'What's the matter with you? Why do you want to kick my ass?' Claimant made no gestures toward Cottingham when he said this; his hands were at his sides.

"Cottingham looked at claimant and said, 'F___ you!' Claimant then turned to go back to work. Immediately, Cottingham charged out of bay 2 and grabbed claimant around the neck with both hands. Claimant hit Cottingham one time in the head with his fist and was able to break free. Once free from Cottingham's grasp, claimant ceased his attack. Cottingham grabbed for claimant's throat again, but claimant maneuvered Cottingham into a bearhug [*sic*] and headlock. * * * Finally, [two co-workers] pulled them apart, two or three feet inside bay 2. Claimant moved away from Cottingham to avoid any further altercation while

---

[1] The statute has been renumbered ORS 656.005(7)(b)(A). Or Laws 1990, ch 2, § 3.

Cottingham had to be restrained by two men from returning to assault claimant.

"When [a co-worker] pulled claimant from Cottingham, he stepped on claimant's ankle and broke it."

The referee concluded that claimant was involved in an assault that was not connected to the job assignment and which amounted to a deviation from his customary duties. The referee held, however, that claimant was not an active participant in the altercation, because he did not verbally provoke Cottingham into fighting and did not physically initiate the attack or assault Cottingham during the fight. The Board affirmed, adopting the referee's factual findings and legal conclusions.

■■ Employer first argues that the Board's findings that claimant did not verbally provoke the assault and acted only in self-defense are not supported by substantial evidence. Substantial evidence supports a finding when a reasonable person could make the same finding after reviewing the entire record. ORS 183.482(8)(c).

We conclude that the Board's findings are supported by substantial evidence. There is conflicting evidence of what happened between claimant and Cottingham. Ten witnesses testified, most offering somewhat different accounts of the event. However, the referee made credibility findings, which he explained in detail. He stated that he made his credibility determinations on the basis of witnesses' appearance, demeanor and attitude, as well as on the substance of their testimony. The referee completely discounted Cottingham's testimony, explaining that it included numerous inconsistencies and contradictions. The referee found that the testimony of claimant and one other witness, Moyer, was credible. Their testimony included evidence that claimant did not provoke Cottingham's assault and that he only acted in self-defense. Accordingly, there was substantial evidence in the record supporting the Board's findings.

■ Employer next argues that, even assuming the correctness of the Board's findings, it erred as a matter of law in its interpretation of the term "active participant" used in *former* ORS 656.005(7)(a):

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means. However, 'compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties[.]"

In *Kessen v. Boise Cascade Corp.*, 71 Or App 545, 548, 693 P2d 52 (1984), we delineated a four-part test for determining when an injury is excluded from compensation because the claimant sustained an injury as an active participant in a fight:[2]

"In order to be barred from receiving compensation, (1) the claimant must be an active participant, (2) in assaults or combats, (3) which must not be connected to the job assignment and (4) which must amount to a deviation from customary duties."

The parties do not dispute the Board's conclusions that the injury occurred during a fight that was unconnected to claimant's job assignment and was a deviation from his customary duties. Employer takes issue with the Board's conclusion that claimant was not an active participant in the fight.

Employer argues that we held in *Kessen v. Boise Cascade Corp., supra*, and *SAIF v. Barajas*, 107 Or App 73, 810 P2d 1316 (1991), that the exclusion in *former* ORS 656.005(7)(a) bars coverage for *any* employee who participates in *any* way in a fight, "not just those who provoke or initiate fights or who are the aggressors in fights." The holdings in those cases are not that broad. In *Barajas*, the claimant did not provoke or initiate the fight, but he was involved in the fight. We remanded the case, however, because there were "no findings as to how or why claimant became involved in an altercation with Gomez while Gomez was armed with a knife." *SAIF v. Barajas, supra*, 107 Or App at 77. The critical question in *Barajas* that was not resolved by the Board's findings was not whether the claimant was

---

[2] *Kessen* was decided under *former* ORS 656.005(8)(a), which was substantially the same as the provision at issue in this case.

involved in a fight; he was. Rather, it was whether he had voluntarily assumed an active or aggressive role in the fight. If the claimant there had had an opportunity to withdraw from the encounter and not participate in the fight and did not do that, he would have been an "active participant" under the statute. That was why it was necessary to remand the case for additional findings.

In *Kessen v. Boise Cascade Corp., supra,* we did not hold that a claimant need only be involved in a fight to be an "active participant" under the statute. We held that the claimant was an active participant in a fight, even though he received the only blow struck, because he "was the one who, because of his anger, vocal tirade and threatening gestures, actually initiated the fight." 71 Or App at 548.

Claimant here was returning to his assigned work area after asking his co-worker why he still wanted to "kick his ass," when his co-worker charged him and assaulted him. According to the Board's findings, claimant did not have an opportunity to withdraw from the situation and he did not voluntarily assume an active or aggressive role in the altercation. The Board did not err in concluding that claimant was not an active participant in the fight and that, accordingly, *former* ORS 656.005(7)(a) did not exclude claimant's injuries from compensability.

Affirmed.