Argued and submitted February 1, reversed and remanded for reconsideration
August 23, 1995

In the Matter of the Compensation of
Jennifer Kammerer, Claimant.

Jennifer KAMMERER,
*Petitioner,*

*v.*

UNITED PARCEL SERVICE
and Liberty Northwest Insurance,
*Respondents.*

(93-05996; CA A84768)

901 P2d 860

Patrick K. Mackin argued the cause and filed the brief for petitioner.

Mark P. Bronstein argued the cause for respondents. With him on the brief was Bostwick, Sheridan & Bronstein.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board that held that an injury to her eye was not compensable. The issue is whether the Board erred in its determination that claimant's injury, which was caused by horseplay, did not arise out of her employment. We reverse and remand.

The facts are not in dispute. Claimant was required by her employer to park her car in a lot across the street from employer's main facility. In order to reach her car at the end of her shift, she had to walk past a guard shack and through a parking lot reserved for certain employees.

On March 19, 1993, claimant was walking through the designated parking lot with several coworkers, one of whom was in the habit of "flicking" plastic tags at other coworkers. The plastic tags were about two inches by three inches in size and resembled the tags used to close a plastic bag around a loaf of bread. The tags are used by employees to close large bags that contain small parcels.

As claimant walked through the lot, claimant's coworker flicked a tag at claimant and the tag struck her in the right eye. Claimant suffered "traumatic microhyphema and mydriases of the right eye" as well as "conjunctival abrasions at the limbus." Claimant submitted a claim to employer for her injury. Employer denied the claim on the basis that the injury did not arise out of or in the course of claimant's employment. Claimant requested a hearing.

At the hearing, the referee found that it was a common practice for employees to flick the tags at each other, and it was not unusual for an employee to be hit by the tags. The coworker who flicked the tag that hit claimant had received a prior reprimand for engaging in that behavior on employer's property.

The referee concluded that claimant proved her injury without question. The referee also concluded that

"[t]he case law presently supports the conclusion that there was sufficient work connection between claimant's walking through one company parking lot to another where she was told to park to support a finding of compensability."

The referee went on, however, to affirm employer's denial of the claim:

"An employer is not liable for any and all injuries to its employees regardless of the cause. There must be a causal link between the occurrence of the injury and a risk connected with the employment. * * * In the present case, the source of claimant's injury bears no relationship to her employment. There is no evidence that the co-worker tossing the tab was motivated by anything related to his or claimant's job. *[Alt]hough there was some testimony to the effect that tab flicking had occurred on the employer's property prior to the date of claimant's injury, there is insufficient evidence in the record to permit the conclusion that the employer had acquiesced in the behavior.* The employer apparently had an unwritten policy against the flicking. The causal link between employment and the harm to claimant in this case is too tenuous to support a workers' compensation claim. * * * Claimant is unfortunately the innocent victim of her co-worker's misbehavior."

(Citations omitted; emphasis supplied.) Claimant appealed the referee's decision to the Board, which affirmed and adopted the referee's order.

■ On judicial review, claimant argues that the Board erred as a matter of law when it concluded that her injury was not work related. An injury is compensable if it "aris[es] out of and in the course of employment." ORS 656.005(7)(a); *Henderson v. S.D. Deacon Corp.*, 127 Or App 333, 335, 874 P2d 76 (1994). " '[A]rising out of' and 'in the course of' are two elements of a single inquiry, that is, whether the relationship between the injury and the employment is sufficient that the injury should be compensable." *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994); *Henderson*, 127 Or App at 335.

■■ The requirement that the injury occur in the course of employment concerns "the time, place and circumstances of the injury." *Henderson*, 127 Or App at 336. Both parties agree that the injury occurred in the course of claimant's employment. The issue, then, is whether the injury arose out of her employment. That element of the inquiry evaluates the "causal connection between the injury and the employment." *Henderson*, 127 Or App at 337-38.

Employer contends that injuries caused by horseplay are not compensable unless the employer knows of and acquiesces in the behavior. Employer asserts that it had a policy against flicking tags, and that claimant's coworker violated that policy when he hit her with the tag. Employer's and the Board's analyses are flawed.

■ ■    Injuries caused by horseplay may or may not be compensable. *Brown v. Liberty Northwest Ins. Co.*, 105 Or App 92, 95, 803 P2d 780 (1990), *rev den* 311 Or 261 (1991). Under Oregon case law, an active participant or instigator in horseplay who is injured may not receive compensation unless the employer knew or should have known of and acquiesced in the behavior. *See Stark v. State Industrial Acc. Com.*, 103 Or 80, 98, 204 P 151 (1922) (employee killed when he engaged in horseplay with air hose entitled to compensation because employer knew of horseplay and had no policy prohibiting it); *Brown*, 105 Or App at 95 (injuries resulting from horseplay not "always" compensable).

■    The theory behind excluding active participants in horseplay from coverage is that, in engaging in the horseplay, the employee may have engaged in a "voluntary stepping-aside from the employment." *See* Arthur Larson, 1A *Larson's Workmen's Compensation Law* § 23.30, at 5-183 (1990). If a participant in horseplay is hurt and files a claim, then the employer's knowledge of and acquiescence in the horseplay become relevant. Where horseplay is common and the employer knows or should know of it and does nothing actively to discourage it, then an active participant in horseplay may recover. That is because an employer's decision to acquiesce in horseplay can reasonably be understood to make that activity an aspect of the work environment, such that an employee who engages in horseplay will *not* be understood to have voluntarily stepped aside from employment. *Brown*, 105 Or App at 95 (citing *Stark*, 103 Or at 98).

■    Oregon courts have not directly addressed whether a nonparticipant in horseplay may recover workers' compensation. Professor Larson has stated that "[i]t is now clearly established that the non-participating victim of horseplay

may recover compensation." Larson, 1A *Workmen's Compensation Law* § 23.10, at 5-178.[1] Indeed, a majority of states allow recovery by an innocent bystander without a showing of knowledge or acquiescence by the employer. *Id.* at 5-178 n 1. The reason for the difference in treatment between a participant and a nonparticipant is that there is no voluntary deviation from employment on the part of an innocent bystander. Generally, if an employee's conduct does not amount to a substantial deviation from the course of employment, an injury suffered on the job is compensable. Larson, 1A *Workmen's Compensation Law* § 23.00.

Oregon law has recognized a distinction between participants and nonparticipants in an equivalent context. ORS 656.005(7)(b)(A) bars compensation for an "[i]njury to *any active participant in assaults or combats* which are not connected to the job assignment and *which amount to a deviation from customary duties*[.]" (Emphasis supplied.) We have held that the reason for denying compensation to participants in fights is that those workers have stepped away from their job assignments and deviated from their customary duties. *Kessen v. Boise Cascade Corp.*, 71 Or App 545, 548, 693 P2d 52 (1984). That is the same reasoning that we and other jurisdictions have used to deny compensation in horseplay cases. *See, e.g.*, Larson, 1A *Workmen's Compensation Law* § 23.00.

In contrast, a claimant who is not the initiator nor an active participant in an assault or combat may recover compensation. *See Irvington Transfer v. Jasenosky*, 116 Or App 635, 639-40, 842 P2d 454 (1992) (claimant assaulted by coworker entitled to compensation). An innocent bystander engaged in normal work activities cannot be understood to have "stepped aside" from employment, and may recover when assaulted on the job. Similar reasoning applies to an innocent victim of horseplay. Thus, employer acquiescence in the horseplay should have no bearing on whether such a bystander is entitled to compensation.

---

[1] Oregon case law is not to the contrary. *Cf. Davis v. Weyerhaeuser Co.*, 231 Or 596, 610, 373 P2d 985 (1962) (dictum) (worker who was innocent victim of horseplay would have been entitled to compensation under Workers' Compensation Law).

In this case, claimant was not a participant in the horseplay. She was, as the Board said, "an innocent victim." Thus, the cases cited by employer are inapposite, because they address situations in which an active participant in the horseplay is injured and seeks compensation.

■ The Board erroneously determined that claimant's injury did not arise from her employment because the employee who hit her with the tag was engaging in horseplay and had deviated from his employment. Because claimant was not a participant in the horseplay, she was not precluded from receiving compensation on the ground that her injury arose from horseplay.

Reversed and remanded for reconsideration.