Argued and submitted October 6, 1999, affirmed May 31, 2000

In the Matter of the Compensation of
Florian D. Stan, Claimant.

Florian D. STAN,
*Petitioner,*

*v.*

CONSTITUTION STATE SERVICE CO.,
and USF Reddaway, Inc.,
*Respondents.*

(98-01004; CA A105650)

9 P3d 119

Edward J. Hill argued the cause for petitioner. With him on the brief was Carney, Buckley, Kasameyer & Hays.

Jerald P. Keene argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

### KISTLER, J.

Claimant seeks review of a Workers' Compensation Board order holding that claimant's injury did not arise out of his employment because it resulted from prohibited conduct. We affirm.

The Board found the following facts:

> "Claimant sustained a left foot injury on August 20, 1997, when a co-worker's fork lift truck ran over his foot. At the time of injury, claimant was returning to his work station on the employer's premises after a paid break. The accident occurred when the co-worker drove forward as claimant was reaching for a control device on his co-worker's lift truck. The record establishes that reaching for the control devices of another lift truck was prohibited activity."

In a footnote, the Board agreed with employer that claimant "was most likely engaged in 'horseplay' " when the accident occurred.

■   The Board correctly recognized that the fact that the act that produced the injury was prohibited does not mean that the injury is not compensable. *See Andrews v. Tektronix, Inc.*, 323 Or 154, 165, 915 P2d 972 (1996). Rather, the "facts that an employer has instructed a worker to avoid certain work, and that the worker's injury occurred when he or she disregarded that instruction, are only two of many factors that must be considered in the over-all calculation of work-connectedness." *Id.* Among the "additional factors are the degree of connection between what the worker is authorized to do and is forbidden to do, the degree of judgment and latitude normally given the worker, workplace customs and practices, the relative risk to the worker when compared to the benefit to the employer, and the like." *Id.*

Applying those factors, the Board reasoned:

> "In this case, claimant clearly disobeyed the employer's prohibition against tampering with the controls of another forklift. Moreover, we agree with the employer that, unlike *Andrews*, this case involved more than a prohibited method of accomplishing claimant's job. Claimant here had not resumed his work when he made multiple attempts to

reach the controls [of] a co[-]worker's fork lift truck. Claimant was not involved in any work activity when he was injured. Further, no degree of judgment or latitude was involved in claimant's actions. The employer clearly prohibited interfering with the lift controls of another worker's fork lift. As the employer notes, the risk of injury to claimant was great, while there was no benefit to the employer in reaching multiple times for the controls of the fork lift. Finally, we find that the prohibition against manipulating the controls of another worker's fork lift was made clear to all employees. Indeed the witnesses unanimously agreed that this conduct was strictly forbidden and would, and did, result in disciplinary action. Accordingly, * * * we conclude that claimant failed to prove a sufficient work connection between his injury and his employment."

The Board observed that "[i]n reaching this conclusion, we reject any suggestion in claimant's testimony that his actions were motivated by safety concerns."

Before turning to the issue that claimant raises on review, it is helpful to note what is not at issue. Claimant has not argued that, although he was engaged in horseplay, employer previously had acquiesced in that sort of conduct notwithstanding its rules prohibiting it. Had claimant made that argument before the Board, the Board would have been required to decide whether employer's acquiescence, if any, in the horseplay meant that claimant's injury arose out of his work. *See Stark v. State Industrial Acc. Com.*, 103 Or 80, 100-01, 204 P 151 (1922); *Kammerer v. United Parcel Service*, 136 Or App 200, 204-05, 901 P2d 860 (1995); *Brown v. Liberty Northwest Ins. Co.*, 105 Or App 92, 95, 803 P2d 780 (1990), *rev den* 311 Or 261 (1991).

Claimant instead pursued a different course before the Board. Before the Board, he argued that his efforts to grab the other worker's forklift controls were prompted by his concerns over his safety. He relied on employer's failure to enforce its work place safety rules consistently to justify his own attempts to protect himself by grabbing at the forklift controls. As noted above, the Board did not accept claimant's view of the facts; it rejected his claim that he was acting for his own safety. Although claimant makes the same factual argument on review that he made before the Board, the

Board's factual findings rejecting that argument are supported by substantial evidence. *See Perez v. Employment Dept.*, 164 Or App 356, 992 P2d 460 (1999) (identifying standard of review). Given the argument that claimant raised below, the Board did not err.

Affirmed.