Argued November 22, affirmed December 9, 1974

O'CONNELL, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 20960), *Respondent.*

528 P2d 1064

*Gerald C. Knapp,* Portland, argued the cause for
appellant. On the brief was Burton J. Fallgren, Port-
land.

*Janet A. Metcalf,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With her on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

In this workmen's compensation case, claimant contends that he was in the scope and course of his employment when he suffered injuries as a result of accidentally driving his automobile into the rear of a truck at about 3 a.m. on the morning of June 29, 1972.

We agree with the conclusions of the hearing officer, Workmen's Compensation Board and circuit court.

Claimant was an employe of a nursing home in St. Helens. He had a business purpose in going to Seaside, some 80 miles away. The date was flexible and he elected to make the trip on June 28, 1972, in order to combine business with pleasure.

Accordingly, on the morning of June 28 he and a female companion drove to Seaside, where he completed his business a little after noon.

The remainder of the afternoon claimant and his companion spent eating, shopping and strolling on the beach at Seaside.

Early in the evening claimant and his companion, in accordance with arrangements made earlier in the day, met a long-time friend of claimant's and a woman business associate of claimant's friend. The four people ate, drank, and talked until shortly before the 3 a.m. accident, which occurred just a few miles

from Seaside, at which time claimant and his companion were en route to St. Helens. During the course of the late afternoon and evening claimant had consumed four or five beers and six to eight other alcoholic drinks.

Claimant contends that he contacted his longtime friend because he was authorized to discuss with his friend a matter pertaining to the business of claimant's employer. Claimant and his friend testified that this business was discussed at length during the evening. A representative of the employer testified that claimant had been previously told that his employer had no interest in the business matter allegedly discussed. The hearing officer, who saw and heard the witnesses, made an unequivocal finding that he did not believe testimony of claimant and his friend concerning the business nature of the evening, stating in his opinion:

> "Even assuming a business purpose trip as far as the Seaside Convalescent Center I am persuaded that the claimant lost his covered homeward journey by going off on a frolic of his own. I accepted Mr. Barlow's testimony as being convincing and credible that the workman had been informed that the employer had no interest in acquiring the adjoining property. It appears more likely that the four participants were having an evening out on the town 80 miles away from the employer's place of business."

In a situation in which the resolution of an issue depends solely upon deciding whether a witness is speaking what he believes to be the truth or a deliberate falsehood, it is difficult to envisage a circumstance under which the judgment on that issue of he (judge, jury or hearing officer) who saw and heard

the witness will not be followed. In any event there is no such circumstance here.

Thus we have here a situation in which claimant's accident occurred after a nonbusiness delay of at least 14 hours, during which time claimant consumed a substantial amount of alcohol. The accident did not occur in the course of his employment. *Seidl v. Dick Niles, Inc.,* 18 Or App 332, 525 P2d 198, Sup Ct *review denied* (1974); *Boyd v. Francis Ford, Inc.,* 12 Or App 26, 504 P2d 1387 (1973). *Cf. Fowers v. SAIF,* 17 Or App 189, 521 P2d 363, Sup Ct *review denied* (1974).

Affirmed.