Argued and submitted March 20, affirmed July 3, 1991

In the Matter of the Compensation of
David L. Burge, (Decedent), Claimant.
Deborah BURGE,
Beneficiary of David L. Burge, Deceased,
*Petitioner,*
*v.*
SAIF CORPORATION
and Alexander Manufacturing Company,
*Respondents.*
(WCB 88-20666; CA A65902)
813 P2d 81

Douglas E. Hojem, Pendleton, argued the cause for petitioner. With him on the brief was Corey, Byler, Rew, Lorenzen & Hojem, Pendleton.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant, the beneficiary of a deceased worker, seeks review of an order of the Workers' Compensation Board holding that she is not entitled to death benefits.

The Board's findings are not contested and are supported by substantial evidence. Employer, a Portland-based firm, hired the decedent, a carpenter, to work on the installation of cabinetry and finish work in a new casino in Nevada. The decedent was a resident of Pendleton but had an apartment in Nevada, for which employer compensated him. The decedent was the lead worker and had authority to hire and fire the work crew and to set work schedules. He also kept time and production records. He was paid on an hourly basis, was not on call and was not paid for work done at home. Employer provided him with a van, tools and an occasional paid trip to Oregon.

The decedent's shift began at 6 a.m. and ended at 2:30 p.m. Frequently, members of the crew would meet after work at a local restaurant that was not on the decedent's way home from work. The gatherings were strictly social; attendance was not required. Employer did not pay for or sponsor the post-work activities and derived no direct benefit from them. The decedent frequently joined the gatherings, and on July 6, at 8:30 p.m., after having been at the restaurant for approximately six hours, he was killed in a one-car accident while driving to his apartment. His blood alcohol level at the time of death was .13, which, the evidence shows, means that he had consumed the equivalent of 11 to 12 beers.

Claimant contends that the Board erred in concluding, on the basis of those findings, that the decedent's death did not occur in the course of his employment. She contends that the decedent was a "traveling employee" and that his death is therefore compensable, unless it occurred as the result of a departure from his employment. *See, e.g., Slaughter v. SAIF,* 60 Or App 610, 654 P2d 1123 (1982).

In *SAIF v. Reel,* 303 Or 210, 735 P2d 364 (1987), the claimant was injured in an explosion in his living quarters near a remote job site. He was not required to live at that location, but chose to do so. The Court said:

"Workers' compensation should be awarded to a worker

when the employe has been directed, as part of his duties, to remain at a particular place or locality until directed otherwise or for a specified length of time. * * *

"* * * * *

"The real issue in this case is not whether this claimant was a traveling employe, but whether he was directed to live at or near the job site as an integral part of his employment." 303 Or at 216.

The court held that the problem of work relatedness is best resolved "by examining the contractual relationship of the parties to determine if the claimant's injury 'arose out of and in the course of' his employment. ORS 656.005(8)(a)." 303 Or at 216. Because the claimant was injured in his living quarters, the court said that the "real issue" was whether the claimant was directed by the employer to live at or near the job site. He was not, and that fact formed the basis for the court's conclusion that the injury was not work related. 303 Or at 218.

Here, although the decedent was directed to live near the job site, that fact is not determinative; his death did not occur because of that requirement. Even if decedent was a traveling employee, *see SAIF v. Reel, supra,* 303 Or at 216, his death is not compensable, because it occurred during personal activities that had nothing to do with the job or the requirement that he live near the job site and that, therefore, constituted a "departure" from his employment. *See SAIF v. Barajas,* 107 Or App 73, 810 P2d 1316 (1991). As in *SAIF v. Reel, supra,* the issue is whether the activities that resulted in the decedent's death were reasonably related to his employment. 303 Or at 216; *see* ORS 656.005(7)(a).[1] We hold that, on these facts, the Board correctly concluded that decedent had "left the legitimate scope of his employment at the time of death."

Affirmed.

---

[1] ORS 656.005(7)(a)(B) provides that a compensable injury does not include an injury

"incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities solely for the worker's personal pleasure."