Argued and submitted November 8, 1991, affirmed March 25, 1992

In the Matter of the Compensation of
Dennis P. Underwood, Claimant.

Dennis P. UNDERWOOD,
*Petitioner,*

*v.*

PENDLETON GRAIN GROWERS
and SAIF Corporation,
*Respondents.*

(90-05925; CA A68728)

827 P2d 948

Kevin N. Keaney, Portland, argued the cause for petitioner. With him on the brief were Lawrence Baron, Robert K. Udziela and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Michael O. Whitty, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board determining that his injury did not occur in the course of his employment and is not compensable. We affirm.

Claimant sold tires in eastern Oregon. He worked in employer's Pendleton store and lived in Milton-Freewater, approximately 30 miles away. His job duties included selling, repairing and periodically transporting tires between employer's stores in Pendleton and Milton-Freewater, and his sales route included the area between the two towns. He had wide discretion regarding when and where to contact customers, and he was sometimes called away from home after hours to make service calls. He was occasionally asked to take tires home in his own truck and deliver them to the Milton-Freewater store the next morning. He had sought and received reimbursement for mileage on at least one occasion.

On January 22, 1990, employer asked claimant to drive a co-worker home, transport a load of tires to the store in Milton-Freewater and call on customers on his sales route. En route, claimant and his co-worker stopped at a store and bought a six-pack of beer, which they drank on the way. They also detoured to Weston, where they visited two taverns, played pool and each drank approximately ten glasses of beer between 1:20 p.m. and 4 p.m. Claimant then dropped off the co-worker, who entered his residence and attempted to eat but immediately passed out.[1] Travelling in the direction of his home, claimant drove by the Milton-Freewater store without stopping. His truck suddenly veered across four lanes of traffic and collided head-on with a truck. He suffered a closed head injury, temporarily went into a coma and now has permanent nerve damage. Tests showed that, at the time of the accident, claimant had an "elevated" level of alcohol and barbiturates in his blood. No evidence was presented regarding the actual percentage of claimant's blood alcohol, the

---

[1] The referee found that the co-worker's reaction to the alcohol he had consumed was "unusually potent." Both claimant and the co-worker claimed that, although they did not voluntarily take any illicit drugs that day, they may have been "slipped a 'mickey' " at one of the taverns they visited. The referee concluded that, regardless of how claimant took the drug, its introduction into his system was a consequence of his personal activities.

effects of combining alcohol with barbiturates or the likely effect of the combination on claimant's physical and mental faculties.

Claimant argues that, given the use of his personal vehicle for the employer's benefit, his trips to and from work were within the course of his employment. He also contends that, because of the latitude that he enjoyed in deciding when and where to call on sales customers, he could detour from and return to his employment in the course of a normal work day. *See Fowers v. SAIF*, 17 Or App 189, 521 P2d 363, *rev den* (1974).[2] Finally, he argues that, because he was using his truck to carry out the employer's business on the day of the accident, his injuries are compensable. He acknowledges that he deviated from his employment from the time that he started to drink, but contends that he returned to the course of his employment when he left the second tavern.

The referee agreed and further concluded that claimant's detour to Weston had not substantially increased the risk of his homeward journey. The referee based that conclusion on the fact that claimant is "an alcoholic who was able to hold his liquor [and thus] was not intoxicated at the time of the collision." The Board reversed, holding that

"claimant's injury occurred after a nonbusiness delay of at least four and a half hours, during which time he consumed a substantial amount of alcohol. We find that those actions, coupled with the employer's enforced policy that specifically prohibited the consumption of alcohol while working,[3] removed him from the course of employment."

We agree with the Board. It is undisputed that claimant drank a large quantity of alcohol and ingested bartiturates, then drove home. Due to the length of his deviation and the nature of his acts, which were completely unrelated to his employment and which considerably increased the hazards

[2] In *Fowers v. SAIF*, *supra*, we held that an employee's two-hour drinking interval did not constitute an abandonment of his employment, because the employee had flexibility in how and when to accomplish his job duties. The employee in that case was not prohibited from drinking during the workday.

[3] Employer's policy forbid employees from reporting for duty or performing work while under the influence of any drug, alcoholic beverage or intoxicant. Employees who failed to abide by the policy were subject to discipline, including termination. The Board found that claimant knew "he could be fired if he called upon a customer [while] under the influence' of intoxicants."

associated with driving, and given that he was prohibited from carrying out the employer's business after consuming alcohol or drugs, we conclude that claimant had abandoned his job for that work day. At the time of the injury, he was not on his way home from work; he was on his way home from a tavern. Because there was no causal connection between his trip home and his employment, claimant did not suffer a compensable injury. *See Burge v. SAIF*, 108 Or App 145, 148, 813 P2d 81 (1991); *O'Connell v. SAIF*, 19 Or App 735, 738, 528 P2d 1064 (1974).

Affirmed.