In the Matter of the Compensation of
David G. Mitchell, Claimant.

## TOWN & COUNTRY CHRYSLER,
*Petitioner,*

*v.*

David G. MITCHELL,
*Respondent.*

(WCB 89-22598; CA A68825)

833 P2d 314

Margaret H. Leek Leiberan, Portland, argued the cause for petitioner. With her on the brief were Schuyler T. Wallace and Leiberan & Gazeley, Portland.

No appearance for respondent.

RIGGS, J.

Warren, J., dissenting.

## RIGGS, J.

Employer seeks review of an order of the Workers' Compensation Board that affirmed and adopted the referee's decision that claimant's injury was work-related and, therefore, compensable. We affirm.

The Board made these findings:

"Claimant began working for employer as a salesman in April of 1989. The annual company picnic was held at Blue Lake Park on September 10, 1989. The picnic is a joint venture with another automobile dealership, and includes a softball game between the two dealerships. The park, food, non-alcoholic beverages, and activities at the picnic were provided by the employer. It is unknown who provided the softball equipment. The primary motivation of employer in sponsoring the picnic is to enable employees and their families to better get to know one another.

"Claimant was scheduled to work the day of the picnic. At a sales meeting prior to the picnic, employees were told that if they were scheduled to work the day of the picnic they were expected to either work or attend the picnic. If such employees did neither, they would be treated individually as if they had missed work, which could, but not necessarily (and probably would not), include termination. Enough employees volunteered at the sales meeting to work the day of the picnic, and although claimant was not paid for attending the picnic, he opted to do so. Claimant injured his left knee while playing in the softball game."

The Board also found that, because claimant was scheduled to work on the day of the picnic, and did not do so, his attendance at the picnic was required. Therefore, it concluded that the picnic was within the course of claimant's employment.

■ Workers' compensation benefits are available only for compensable injuries. ORS 656.017. An injury is compensible if it arises out of and is in the course of the claimant's employment. ORS 656.005(7)(a).

Employer argues that the statutory definition of a compensable injury specifically excludes an "[i]njury incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities solely for the worker's personal pleasure." ORS

656.005(7)(a)(B).[1] When an employer requires a worker's attendance at a recreational or social activity, activities that are part of the required activity are not performed *solely* for the worker's personal pleasure. As we discuss below, there is substantial evidence to support the Board's conclusion that claimant's attendance at the picnic was required, and we may not substitute our judgment for that of the Board on any issue of fact. ORS 656.298(6); ORS 183.482(7) and (8).

■      Employer next argues that the picnic was not within the course and scope of claimant's employment. We have cited with approval Larson's tests for determining whether a social or recreational activity is within the course of employment. *See Colvin v. Industrial Indemnity*, 83 Or App 73, 77, 730 P2d 585 (1986); *Richmond v. SAIF*, 58 Or App 354, 357, 648 P2d 370, *rev den* 293 Or 634 (1982). The tests provide that social or recreational activities are within the course of employment if:

"(1)   They occur on the premises during a lunch or recreation period as a regular incident of the employment; or

"(2)   The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

"(3)   The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life." 1A Larson, *Law of Workmen's Compensation*, 5-87, § 22.00 (1990).[2]

The three tests are stated in the disjunctive and, if an activity satisfies any one of them, it is within the course of employment. *Colvin v. Industrial Indemnity, supra*, 83 Or App at 77.

The Board relied on Larson's second test. It found that claimant was told that he was expected either to work or to attend the picnic. Our review is not *de novo*. ORS 656.298(6); ORS 183.482(7) and (8). We may not substitute

---

[1] In 1990, the legislature amended ORS 656.005(7)(b)(B) to read "any recreational or social activities *primarily* for the worker's personal pleasure[.]" Or Laws 1990, ch 2, § 3. (Emphasis supplied.) That change is not applicable to this case.

[2] The tests in the 1990 edition are identical to those in the 1979 and 1985 editions, which were cited in our earlier cases.

our judgment for that of the Board on any issue of fact. We note that absolute compulsion is not necessary to satisfy Larson's second test[3] and conclude that there is substantial evidence to support the Board's conclusion that claimant's attendance at the picnic was required.

Employer further argues that, even if attendance at the picnic was required, claimant was not injured as a consequence of attending the picnic, but rather as a consequence of his voluntary participation in the softball game. It argues that there is no evidence that participation was required by employer and that, therefore, claimant's injury could not be work-related. The Board found that "[t]he picnic is a joint venture with another automobile dealership, *and includes a softball game between the two dealerships*. The park, food, non-alcoholic beverages, *and activities* were provided by employer." (Emphasis supplied.) The softball game was part of the picnic. Employer reserved the ballfield for the game. Obviously, it expected that its employees would participate in the picnic activities, including the softball game.

Nevertheless, employer argues that we have consistently held that injuries during employee ball games are not compensable and urges us to make the same holding here. It cites *Richmond v. SAIF, supra, Rose v. Argonaut Ins. Co.*, 77 Or App 167, 711 P2d 218 (1985); and *Puderbaugh v. Woodland Park Hospital*, 79 Or App 367, 719 P2d 65 (1986). Those cases are inapposite, because they involved employee-organized teams participating in voluntary games that were not part of a required activity and that were only indirectly beneficial to the employer.

---

[3] Larson provides this analysis:

"When the degree of employer involvement descends from compulsion to mere sponsorship or encouragement, the questions become closer, and it becomes necessary to consult a series of tests bearing on work-connection. The most prolific illustrations of this problem are company picnics and office parties. Among the questions asked are: Did the employer in fact sponsor the event? To what extent was attendance really voluntary? Was there some degree of encouragement to attend in such factors as taking a record of attendance, paying for the time spent, requiring the employee to work if he did not attend, or maintaining a known custom of attending? Did the employer finance the occasion to a substantial extent? Did the employees regard it as an employment benefit to which they were entitled as of right? Did the employer benefit from the event, not merely in a vague way through better morale and good will, but through such tangible advantages as having an opportunity to make speeches and awards?" 1A Larson, *supra*, at 5-120, § 22-23.

Affirmed.

**WARREN, J.,** dissenting.

The majority concludes that, when an employer requires a worker's attendance at a recreational or social activity, any activity that the worker engages in while attending the required activity is not performed solely for the worker's personal pleasure. 113 Or App at 438. Because I believe that a worker may engage in one form of recreational activity solely for personal pleasure during the course of a required social function, I dissent. *See* ORS 656.005(7)(a)(B).

Workers' compensation benefits are only available for compensable injuries. ORS 656.017. An injury is compensable if the specific injurious activity is in the course of the worker's employment. ORS 656.005(7)(a). An activity is within the course of employment if it is "reasonably related to [the] employment." *Burge v. SAIF*, 108 Or App 145, 148, 813 P2d 81 (1991).

Generally, work relatedness is determined by evaluating various factors, such as whether the activity was for the benefit of the employer and whether it was directed by or acquiesced in by the employer. *Mellis v. McEwen, Hanna, Grisvold*, 74 Or App 571, 574, 703 P2d 155, *rev den* 300 Or 249 (1985). However, when a worker is engaged in a social or recreational activity, work relatedness is determined by evaluating the worker's motivation for engaging in the activity. A social or recreational activity is not work related if the worker engages in it solely for personal pleasure. ORS 656.005(7)(b)(B) (*since amended by* Or Laws 1990, ch 2, § 3).

Regardless of whether the general test, or the specific test for social and recreational activities, applies, work relatedness must always be determined by evaluating the specific injurious activity. For example, in *Brown v. Liberty Northwest Ins. Co.*, 105 Or App 92, 803 P2d 780 (1990), *rev den* 311 Or 261 (1991), we held that the horseplay in which the claimant was engaged at the time of his injury was not work related. We reached that conclusion even though the worker was at his place of employment and was performing his duties for his employer immediately prior and subsequent to the accident. At those times, the worker was performing

work related activities, but he was not injured by those activities.

Although ORS 656.005(7)(b)(B) establishes a distinct standard for determining whether a social or recreational activity is work related, it does not eliminate the requirement that the specific injurious activity be evaluated under that standard. It is conceivable that a worker would not attend a social activity, such as a company picnic solely for personal pleasure but, while there, would engage in specific activities, such as a softball game or a pie eating contest, solely for personal pleasure. Conversely, a worker may attend a picnic for personal pleasure but, while there, feel compelled by the employer to participate in a discrete activity. ORS 656.005(7)(b)(B) accounts for those possibilities by requiring that the specific injurious activity be one in which the worker did not engage in solely for personal pleasure.

Just as we required an evaluation of the specific, injurious activity in *Brown v. Liberty Northwest Ins. Co.,* *supra,* we must evaluate the specific, injurious activity in which claimant participated to determine if his injury is compensable. Claimant was injured while participating in a recreational activity—a softball game—that was part of a social activity—a picnic—that the Board found was work related. Nevertheless, if claimant played softball solely for personal pleasure, that activity, like the horseplay in *Brown,* would not be work related. Because the Board failed to evaluate whether claimant played softball solely for his personal pleasure, I would reverse and remand this case for reconsideration.

I dissent.

Richardson and Edmonds, JJ., join in this dissent.