In the Matter of the Compensation of
Joseph A. Turney, Claimant.

Charles FAESSLER
and Geraldine Faessler,
*Petitioners,*

*v.*

Joseph A. TURNEY
and SAIF Corporation,
*Respondents.*

(WCB 92-00587; CA A78400)

865 P2d 409

Chess Trethewy argued the cause for petitioners. With him on the brief was Garret, Hemann, Robertson, Paulus, Jennings & Comstock.

Edward J. Harri argued the cause for respondent Joseph A. Turney. With him on the brief was Stanley Fields.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondent SAIF Corporation. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Employers seek review of an order of the Workers' Compensation Board determining that claimant's injury was within the course and scope of his employment and therefore compensable. We affirm.

The Board found that employers, who are claimant's stepfather (Faessler) and mother, operate a dairy farm. In November, 1989, claimant was working full time for them as a farm laborer. Saturday was claimant's regular day off, but he would sometimes help with farm chores when he would otherwise be off work. Employers had an unwritten policy that prohibited drinking alcoholic beverages while working; however, that policy was not expressly communicated to claimant.

Saturday November 4, 1989, claimant was off work. He drank beer at a local restaurant throughout the afternoon. In the early evening, he returned drunk to the farm and went to the barn. There, Faessler was unloading hay bales from a trailer and placing them on a noisy elevator. The elevator carried the bales up to the hayloft where Pete Turney, claimant's brother, was stacking them. The floorboards in the hayloft had water rot.

When claimant reached the barn, Faessler saw that he was drunk. Faessler told claimant not to work but did not stop working himself. Faessler's command could not be heard over the loud noise of the elevator. Within a few minutes, Faessler saw claimant in the hayloft at the top of the elevator picking up bales of hay. Faessler continued to unload the hay bales and place them on the elevator carrying them to claimant and his brother.

In the hayloft, claimant was unloading and stacking the hay bales. As claimant was throwing a bale up onto the stack, the rotten hayloft floorboards gave way. Claimant fell through to a dirt floor 15 to 20 feet below and sustained multiple injuries. His blood alcohol level was later determined to be 0.26 percent. Claimant filed a workers' compensation claim on April 24, 1991. The Board concluded that claimant's injury was compensable, and employers seek review.

■ Employers first argue that the following finding is not rationally related to any issue in the case:

> "Within one or two months after claimant's accident, Mr. Faessler notified Mutual of Enumclaw, who held his homeowner's policy, of the accident. The claim against the homeowner's policy was denied on the basis that the accident occurred within the course and scope of claimant's employment."

According to employers, this finding shows the Board's desire to do "social justice" and is not rationally related to whether claimant was in the course and scope of employment. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). However, this finding involves the timeliness of the claim, a different issue from course and scope of employment. The timeliness of the claim was also before the Board, but the resolution of that issue was not appealed and is not on review to this court. The finding is rationally related to the issue of timeliness, and employers' assignment of error is without merit.

■■ Employers next argue that substantial evidence does not support the finding that claimant was acting within the course and scope of employment. ORS 183.482(8)(c). Relying on the seven-factor analysis developed in *Jordan v. Western Electric*, 1 Or App 441, 443-44, 463 P2d 598 (1970),[1] the Board found claimant's injury to be in the course and scope of employment. The Board found that six of the seven factors described in *Jordan* weighed in claimant's favor, and that only one weighed against him.

---

[1] The seven factors are:

"a) Whether the activity was for the benefit of the employer * * *;

"b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later * * *;

"c) Whether the activity was an ordinary risk of, and incidental to, the employment * * *;

"d) Whether the employee was paid for the activity * * *;

"e) Whether the activity was on the employer's premises * * *;

"f) Whether the activity was directed by or acquiesced in by the employer * * *; [and]

"g) Whether the employee was on a personal mission of his own * * *." 1 Or App at 443.

All of those factors may be considered, and no one factor is dispositive. *Preston v. SAIF*, 88 Or App 327, 330, 745 P2d 783 (1987).

Employers attack only the finding that the activity was "directed by or acquiesced in by the employer." Employers assert that no testimony or other evidence supports the finding that Faessler "continued to unload the hay bales and place them on the elevator" after seeing claimant in the loft. Substantial evidence supports a finding "when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Faessler testified that he did not stop loading hay bales until after he saw claimant move a couple of bales. Claimant testified that he was moving bales for 10 minutes before he fell through the floor. Substantial evidence supports the finding of employers' acquiescence.

■ Employers next argue that claimant's intoxication was a departure from or abandonment of employment. They rely on *Underwood v. Pendleton Grain Growers*, 112 Or App 170, 827 P2d 948 (1992) for the proposition that a worker "cannot just ordain himself to be in the course and scope of employment by walking onto the job site." In *Underwood*, an employee was to deliver tires on his way home. He stopped at a tavern before the delivery, got drunk, and then was injured when he wrecked employer's truck. The Board decided that the employee had abandoned his work and, therefore, that the injury was noncompensable. In this case, unlike in *Underwood*, Faessler saw claimant after he was drunk. Claimant did not "unilaterally ordain himself to be in the course and scope of employment." Instead, Faessler watched claimant work and continued to encourage that work by sending up more bales of hay. Substantial evidence supports the Board's order.

Affirmed.