Argued and submitted October 20, 1993, reversed and remanded April 20, 1994

In the Matter of the Compensation of
Lisa D. Henderson, Claimant.

Lisa D. HENDERSON,
*Petitioner,*

*v.*

S.D. DEACON CORPORATION
and SAIF Corporation,
*Respondents.*

(92-03276; CA A79202)

874 P2d 76

John Mayfield argued the cause and filed the brief for petitioner.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

Claimant seeks review of a Workers' Compensation Board order holding that her injury was not compensable. The issue is whether the relationship between claimant's injury and her employment is sufficient to conclude that the injury was work-connected and, therefore, compensable. We reverse.

The facts are not disputed. Claimant worked on the fourth floor of an office building that is leased by employer. There are no lunch facilities on the fourth floor. Employer required claimant to take a one hour unpaid lunch break, and her supervisor encouraged her to leave the building during that time. When her lunch hour arrived, claimant rode the elevator to the first floor. She was injured when she attempted to step out of the elevator, because the elevator had stopped above the level of the first floor.

██ Claimant argues that the Board erred in concluding that her injury was not sufficiently related to her work to be compensable. An injury is compensable if it "aris[es] out of and in the course of employment." ORS 656.005(7)(a). " '[A]rising out of' and 'in the course of' are two elements of a single inquiry, that is, whether the relationship between the injury and the employment is sufficient that the injury should be compensable." *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 867 P2d 1373 (1994). Each of these elements tests the work connection of an injury in a different way. Both factors must be evaluated in determining work connection; neither is dispositive. As the Supreme Court explained in *Phil A. Livesley Co. v. Russ*, 296 Or 25, 672 P2d 337 (1983), there is not an absolute minimum that must be met for each element of the work-connection test. Deficiencies in the strength of one factor may be made up by the strength of the other. In *Livesley*, the court quoted Professor Larson:

> "One is almost tempted to formulate a sort of quantum theory of work-connection that a certain minimum quantum of work-connection must be shown, and if the 'course' quantity is very small, but the 'arising' quantity is large, the quantum will add up to the necessary minimum, as it will also when the 'arising' quantity is very small but the 'course' quantity is relatively large.

"But if both the 'course' and 'arising' quantities are small, the minimum quantum will not be met." 1A Larson, *Workmen's Compensation Law* 5-476, § 29.10 (1993). (Footnote omitted.)

■ The requirement that the injury occur "in the course of employment" concerns the time, place and circumstances of the injury. *Norpac Foods, Inc. v. Gilmore, supra*, 318 Or at 366. As discussed above, claimant's injuries occurred just as she was leaving her work place for lunch. The Oregon courts follow the "going and coming rule," which provides that injuries sustained while going to or coming from the workplace are not compensable. *Cope v. West American Ins. Co.*, 309 Or 232, 237, 785 P2d 1050 (1990).

■ There are, however, exceptions to the going and coming rule. One exception is referred to as the "parking lot rule." Under that exception, when an employee traveling to or from work sustains an injury "on or near" the employer's premises, the "in the course of" portion of the work-connection test may be satisfied if "the employer exercises some 'control' over the place where the injury is sustained." *Cope v. West American Ins. Co., supra*, 309 Or at 239. As the Supreme Court explained:

"[W]hen an employee traveling to or from work sustains an injury on or near the employer's premises, there is a 'sufficient work relationship' between the injury and the employment only if the employer exercises some 'control' over the place where the injury is sustained. Whether the requisite control is evinced by increased, employer-created risks, or by the employer's property rights to the area where the injury is sustained, is immaterial. Some form of employer control of the area demonstrates the work-connection necessary to make the injury compensable." (Citations omitted.)

The Board concluded that claimant did not satisfy the control element of the "in the course of" part of the work-connection-test:

"Thus, the employer did not own the building, was not responsible for maintaining the elevator, and could not require the landlord to repair the elevator. Actual control by the employer of the area of injury is necessary to establish control. * * * Accordingly, under the 'going and coming' rule, we find that claimant was not within the course and scope of her employment when her injury occurred."

■ We do not agree with the Board's conclusion that employer did not have sufficient control of the elevator to satisfy the "in the course of" element of the work-connection test. Ownership, or even a leasehold interest in the place where the injury occurred, is not always required. *Montgomery Ward v. Malinen*, 71 Or App 457, 692 P2d 694 (1984); *Montgomery Ward v. Cutter*, 64 Or App 759, 669 P2d 1181 (1983). As explained by Larson:

> "When the place of employment is a building, it is not necessary that the employer own or lease the place where the injury occurred. It is sufficient if he has some kind of right of passage, as in the case of common stairs, elevators * * * or passage ways through which the employer has something equivalent to an easement." 1 Larson, *Workmen's Compensation Law* 4-132, § 15.43 (1990). (Footnotes omitted.)

*See Philpott v. State Ind. Acc. Com.*, 234 Or 37, 41, 379 P2d 1010 (1963).

■ Claimant contends that the Board's finding that the employer could not require the landlord of the building to maintain and repair the elevator is not supported by substantial evidence. We agree. Employer's lease gave it a nonexclusive right to use the elevator, and provided that the landlord "shall have no obligation to make repairs * * * *until* a reasonable time after receipt of written notice from [employer] of the need for such repairs." (Emphasis supplied.) Under the terms of the lease, once the landlord had received written notice from employer, and after a reasonable amount of time had passed, the landlord was required to make the requested repairs. The fact that, as a practical matter, it might be difficult to get the landlord to repair the elevator, did not eliminate employer's right to require repairs. The lease also provided for employer to pay its share of "operating expenses," including "normal maintenance and repairs of the building and Common Areas," after one year of employer's occupancy. We conclude that under the particular circumstances here, there was a sufficient connection between the employer and the area where the injury occurred to satisfy the "in the course of" element of the work-connection test.

■ Our next inquiry is whether the "arising out of" element of the work-connected test is satisfied here. This element measures the causal connection between the injury

and the employment. *Norpac Foods, Inc. v. Gilmore, supra,* 318 Or at 366. The Board concluded that there was not a sufficient causal connection between claimant's injury and her work. However, in reaching that conclusion, the Board relied strongly on our decision in *PP&L v. Jacobson,* 117 Or App 280, 844 P2d 223 (1992). In that case, we held that there was not a sufficient work connection because the claimant's injury occurred during his lunch hour and was not an anticipated risk of his employment. However, on reconsideration of our decision in *Jacobson,* which occurred after the Board's decision here, we withdrew the earlier opinion and held that there was substantial evidence to support the Board's finding that claimant's injury was an anticipated risk of employment. *PP&L v. Jacobson,* 121 Or App 260, 854 P2d 999, *rev den* 317 Or 583 (1993). Accordingly, the *Jacobson* decision no longer supports the Board's conclusion that there was no causal connection here between claimant's work and her injury. The reconsidered *Jacobson* decision is pertinent in that it emphasizes that one focus in determining if an injury "arose out of" an employee's work is whether what occurred was an anticipated risk of employment. Otherwise, however, the decision is not controlling here because, in that case, the employee's work required him to travel throughout his work day and on a daily basis.

■ In assessing whether there is a sufficient causal link between a claimant's injury and employment, the connection between the claimant's work and what happened must be evaluated. Part of that inquiry is whether what occurred was an anticipated risk of employment. As explained by Larson:

> "All risks causing injury to a claimant can be brought within three categories: risks distinctly associated with the employment, risks personal to the claimant, and 'neutral' risks — *i.e.,* risks having no particular employment or personal character. Harms from the first are universally compensable. Those from the second are universally non-compensable. It is within the third category that most controversy in modern compensation law occurs. The view that the injury should be deemed to arise out of employment if the conditions of employment put claimant in a position to be injured by the neutral risk is gaining increased acceptance."
> 1 Larson, *supra,* at 3-12.

■ . We conclude, based on the facts found by the Board, that claimant's injury arose out of her employment.

Employer's knowledge of claimant's repeated use of the elevator to arrive and leave her workplace, the lack of alternative means to arrive and leave the fourth floor coupled with the necessity that claimant do so, the unavailability of lunch facilities at the workplace, and employer's preference that claimant leave the building for lunch, show that claimant's conditions of employment put her in a position to be injured. Both elements of the work-connection-test are sufficiently satisfied here to support the holding that claimant's injury was work related. The Board erred in upholding the denial of claimant's injury.

Reversed and remanded.