720

Argued and submitted August 24, affirmed November 24, 2021, petition for review denied March 24, 2022 (369 Or 504)

In the Matter of the Compensation of
Lahna K. Lynn, Claimant.
SAIF CORPORATION
and Criscione Family Dental PC,
*Petitioners,*

*v.*

Lahna K. LYNN,
*Respondent.*

Workers' Compensation Board
1801185; A174007

502 P3d 1172

Employer and SAIF seek judicial review of an order of the Workers' Compensation Board concluding that claimant's injury was compensable. Claimant was injured on her way to work when she slipped and fell on ice in employer's annex parking area, next door to employer's building. SAIF denied claimant's request for worker's compensation because claimant's injury did not "aris[e] out of and in the course of employment" as required by ORS 656.005(7)(a). The board, however, determined that claimant's injury was compensable. In doing so, the board concluded that the injury arose "in the course of" her employment, by way of the "parking lot" exception, which requires that an employer had "some control" over the annex parking. On judicial review, SAIF challenges the board's determinations that claimant's injury arose out of and in the course of her employment. *Held*: The Workers' Compensation Board did not err in determining that claimant's injury was compensable. Although injuries sustained while going to or coming from the workplace are not compensable, the board's conclusion that the employer had "some control" over the area where the injury occurred, so that the "parking lot" exception applied, was supported by substantial evidence.

Affirmed.

Beth Cupani argued the cause and filed the briefs for petitioners.

Jodie Anne Phillips Polich argued the cause for respondent. Also on the brief was Law Offices of Jodie Anne Phillips Polich, P.C.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Landau, Senior Judge.

EGAN, C. J.

Affirmed.

**EGAN, C. J.**

Claimant worked as a dental hygienist for employer, a dental clinic. Claimant works at the site of the clinic in Lake Oswego. She was injured on her way to work when she slipped and fell on ice in employer's annex parking area, next door to its building, in the parking lot of Bank of the West. Employer and SAIF seek judicial review of an order of the Workers' Compensation Board, which concluded that claimant's injury was compensable. We review the board's order for substantial evidence and errors of law under ORS 656.298(7) and in accordance with ORS 183.482. We conclude that the board did not err and affirm.

We begin with a brief overview of the relevant legal framework. If a person is injured at work, that injury is compensable if it "aris[es] out of and in the course of employment." ORS 656.005(7)(a). The "arising out of" prong looks to the "causal connection between the injury and the employment," and the "in the course of" prong examines "the time, place, and circumstances of the injury." *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). In analyzing the "in the course of" prong, "injuries sustained while going to or coming from the workplace are not compensable." *Henderson v. S. D. Deacon Corp.*, 127 Or App 333, 336, 874 P2d 76 (1994). That rule is known as the "going and coming rule." *Id.* One exception to that rule is the "parking lot rule," which applies "when an employee traveling to or from work sustains an injury 'on or near' the employer's premises." *Id.* (quoting *Cope v. West American Ins. Co.*, 309 Or 232, 239, 785 P2d 1050 (1990)).

In determining whether the parking lot exception applies, we look to whether "the employer exercises some control over the place where the injury is sustained." *Henderson*, 127 Or App at 336 (quotation marks omitted).

With that legal context, we turn to the facts, which we take from the board's order. Employer leases its office space. Employer's landlord allotted 16 parking spaces in the office parking lot to employer. Not long after employer began leasing the space, employer realized that it needed additional parking. The landlord thus leased additional parking

spaces for $1,000 a month at the neighboring bank building for employer's use. Employer's lease was not modified to include the additional space, but the landlord told employer that additional spaces were available for its use. Employer was the only tenant who used the annex parking area and the only tenant that did not have enough parking in the office parking lot.

Employer strongly encouraged its employees to park in the annex parking area so that its patients could park in the office parking lot. Several employees regularly parked in employer's annex parking area, including claimant and claimant's employers. Claimant began parking in the annex parking area because of employer's strong encouragement to do so. One of the employers testified that if she had known about snow or ice in the annex parking area, she would have informed the landlord.

In December 2017, claimant arrived at work shortly before her shift and parked her car in the annex parking area. Two steps from her car, she slipped on ice, fell, and injured her lower back. The parking area was icy because the bank's sprinkler system had overflowed and had frozen over. SAIF denied claimant's injury claim, asserting that it did not arise out of or occur in the course of her employment.

Claimant requested a hearing. An administrative law judge (ALJ) upheld SAIF's denial, and the board subsequently reversed the ALJ's order. Before the board, SAIF contended that compensability was precluded by the "going and coming" rule, because, at the time of her injury, claimant was going to work and therefore was not in the course of her employment.

The board concluded that the claim was compensable. Regarding the "in the course of prong," the board reasoned that the "going and coming" rule did not preclude compensability, because employer had "some control" over the annex parking area. The board found that

> "[t]he annex parking area was exclusive to the employer. The landlord acquired the annex parking area (nine parking spots in a specific area closest to the employer's office) for $1000 a month, specifically because the employer did

not have enough parking in the office parking lot. Only the employer parked in that area, and it had an oral agreement with the landlord to use it. The employer strongly encouraged its employees to use the annex parking area so its customers could use the office parking lot. Several employees regularly parked there, including claimant, as well as * * * the owners of the dental clinic.

"Further, [the employer] testified that she would have informed the landlord if there had been snow or ice in the annex parking area. [Employer's] testimony was consistent with the employer's prior practice regarding parking complaints/requests. That is, the employer asked the landlord for additional parking (not according to a provision in the lease, but by notifying the landlord of its parking problem), the landlord was responsive and acquired the annex parking area by oral agreement, and the landlord and the employer orally agreed that the employer could use the annex parking area. Such prior practice and responsiveness, along with the aforementioned factors (regarding exclusivity) and the employer's testimony, combine to support the conclusion that the employer had a right to require/obtain maintenance for its annex parking area. *See John R. Benson*, 50 Van Natta 273, 274-75 (1998) (the 'parking lot' exception applied where the sublease was silent on who was responsible for maintenance of the common area where the claimant was injured, but the employer testified that, if it has a complaint, its normal procedure was to contact the sublessor)."

(Footnotes and citations omitted.)

Regarding the "arising out of" prong, the board found that, although claimant's injuries were not connected with her duties as a dental hygienist, her injury was compensable because it resulted from a risk that her work environment exposed her to. And, further, the board found that claimant parked in the annex parking because of "the employer's strong encouragement" that claimant do so "in furtherance of the employer's goal to maintain a good relationship with its customers." One board member dissented, agreeing with SAIF that claimant's injury did not occur in the course of employment.

The dissenting board member reasoned that the "parking lot exception" to the going and coming rule did

not apply, because "the employer did not own or lease the bank parking lot" rather the "landlord acquired additional parking for all his tenants" and "the additional parking area was not designated" for employer's employees. The dissent also pointed out that bank employees and customers alike used the annex parking lot and reasoned, therefore, that employer "did not have sufficient 'control' such that the 'parking lot' exception applies" to the injury.

On judicial review, SAIF challenges the board's determinations that claimant's injury arose out of her employment and that it occurred in the course of her employment. Regarding the "in the course of" finding, SAIF disputes the board's conclusion that claimant was in the course of her employment while walking from the annex parking lot to employer's dental clinic. SAIF takes up many of the points made by the dissenting board member, urging the conclusion that the injury was within the going and coming rule because claimant was simply going to work. SAIF also notes that the board's order is in stark contrast with its order in *Ashley Bruntz-Ferguson*, 69 Van Natta 1531 (2017), in which the board held that a worker's injury when she slipped on ice while walking into the employer's leased office space was not compensable under the going and coming rule. But we reversed the board's order in *Bruntz-Ferguson v. Liberty Mutual Ins.*, 310 Or App 618, 623-24, 485 P3d 903 (2021), holding that injuries that occur in a parking lot or walkway over which the employer exercises "some control" arise out of and in the course of employment and are compensable.

The parties thus agree that the question to be answered here is whether the control exercised over the parking lot by employer was sufficient, as a matter of law, to meet the "in the course of" employment requirement of ORS 656.005(7)(a). SAIF contends the issue of control turns on employer's legal control of the premises such as through its lease, its payment of rent, or a right or obligation to maintain or repair the premises. While those are certainly evidentiary indicators of control, they are not the only evidence sufficient to establish the "in the course of" component, as conceived in the case law. *See Henderson*, 127 Or App at 337 ("Ownership, or even a leasehold interest in the place where the injury occurred, is not always required" to establish

the requisite level of control for purposes of the parking lot exception).

For purposes of establishing whether an employer had "some control," the Supreme Court has explained that,

> "when an employee traveling to or from work sustains an injury on or near the employer's premises, there is a 'sufficient work relationship' between the injury and the employment only if the employer exercises some 'control' over the place where the injury is sustained. Whether the requisite control is evinced by increased, employer-created hazards, or by the employer's property rights to the area where the injury is sustained[] is immaterial. Some form of employer control of the area demonstrates the work-connection necessary to make the injury compensable."

*Cope*, 309 Or at 239 (citations omitted). In *Montgomery v. State Ind. Acc. Com.*, 224 Or 380, 388, 356 P2d 524 (1960), the Supreme Court allowed an exception to the going and coming rule where the employee parked on a busy public street but the court determined that the employer exercised "some control" over the street because its gate guard activated the traffic signal that allowed employees to cross the street.

In *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 530, 919 P2d 465 (1996), quoting from *Rogers v. SAIF*, 289 Or 633, 642, 616 P2d 485 (1980), the Supreme Court explained the linchpin of all exceptions to the going and coming rule:

> "The statutory phrase 'arising out of and in the course of employment' must be applied in each case so as to best effectuate the socio-economic purpose of the Worker's Compensation Act: the financial protection of the worker and his/her family from poverty due to injury incurred in production, regardless of fault, as an inherent cost of the product to the consumer ***. [T]here is no formula for decision. Rather, in each case, every pertinent factor must be considered as a part of the whole. It is the basic purpose of the Act which gives weight to particular facts and direction to the analysis of whether an injury arises out of and in the course of employment."

Here, the board found that employer exercised "some control" based on a number of reasons. Specifically,

the board found that the annex parking area was exclusive to the employer, that the landlord acquired the annex parking area for $1,000 a month because the employer did not have enough parking in the office parking lot, that only the employer parked in that area pursuant to an oral agreement with the landlord to use it, and the employer strongly encouraged its employees to use the annex parking area so its customers could use the office parking lot. The board also found significant the employer's testimony that she would have informed the landlord if there had been snow or ice in the annex parking area, which was consistent with the employer's prior practice regarding parking complaints or requests. In coming to its decision, the board considered "every pertinent factor" and gave "weight to particular facts and direction to the analysis of whether an injury [arose] out of and in the course of employment." *See Krushwitz*, 323 Or at 530. The conclusion that employer had "some control" over the annex parking area is supported by substantial evidence and, therefore, we conclude that the board correctly held that the "in the course of" prong of the unitary work-connection test is satisfied.

We also agree with the board that the injury arose out of claimant's employment. Claimant was encouraged to park in the annex parking area for the convenience of employer's patients, thereby serving employer's interests. That evidence supports the board's conclusion that claimant's injury arose out of a risk to which her work exposed her. We therefore affirm the board's order determining that the claim is compensable.

Affirmed.