Argued and submitted October 5, affirmed December 22, 2021, petition for review denied May 5, 2022 (369 Or 705)

In the Matter of the Compensation of
Sally Houk, Claimant.

SAIF CORPORATION
and Schwabe Williamson Wyatt PC,
*Petitioners,*

*v.*

Sally HOUK,
*Respondent.*

Workers' Compensation Board
1804112; A174006

503 P3d 1270

Beth Cupani argued the cause and filed the briefs for petitioners.

Julene M. Quinn argued the cause and filed the brief for respondent.

Before DeVore, Presiding Judge, and Egan, Chief Judge, and DeHoog, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

SAIF Corporation and employer seek judicial review of an order of the Workers' Compensation Board concluding that claimant's injuries, sustained on her way to work as she walked through a construction area adjacent to employer's offices, are compensable. For the reasons recently discussed in *Bruntz-Ferguson v. Liberty Mutual Ins.*, 310 Or App 618, 485 P3d 903 (2021), *SAIF v. Lynn*, 315 Or App 720, 502 P3d 1172 (2021), and *Miles v. Bi-Mart Corp.*, 316 Or App 481, 504 P3d 64 (2021), we conclude that the board did not err in concluding that claimant's injuries arose out of and in the course of her employment and therefore affirm.

We take our summary of the facts from the board's order. Employer leases office space in a high-rise building. Under the terms of the lease, the landlord maintains public and common areas, including lobbies and elevators, but employer has the right to request maintenance and repairs, and a portion of its lease payment compensates the landlord for its operating expenses for maintenance of the common area and repairs, replacements, additions, or improvements.

The landlord was remodeling the building's upper lobby outside of employer's offices and replacing its floor. When claimant came to work on the day of the injury, she took the elevator to the upper lobby. As she stepped out of elevator and onto a plywood ramp that had been placed there by the construction contractor, the plywood "flexed" and claimant's left ankle rolled, causing her to fall onto the concrete floor just beyond the ramp. She suffered a left foot fracture and a right elbow dislocation, for which she filed a claim. SAIF denied the claims, and claimant requested a hearing.

An administrative law judge upheld SAIF's denial, but the board reversed, concluding that, under the "parking lot" exception to the going and coming rule, claimant's injury arose in the course of her employment, because "employer had sufficient 'control' over the upper lobby area, based on a right to require/obtain maintenance of that area." The board concluded, further, that claimant's injury occurred as a result of a "neutral" risk to which her employment had exposed her and therefore arose out of the employment.

On judicial review, SAIF challenges both determinations. Since this case was argued, we have issued opinions in other cases involving similar issues. For example, in *Bruntz-Ferguson*, the claimant was injured on her way to work when she slipped on an icy curb outside of the employer's entrance. As here, the employer leased its space, and the landlord was responsible for maintaining common areas, which included the curb, but a portion of the employer's lease payment was for maintenance of common areas, and the employer had the right to request maintenance. 310 Or App at 621. We held that the "in the course of" prong of the unitary work connection set forth in *Robinson v. Nabisco, Inc.*, 331 Or 178, 185, 11 P3d 1286 (2000), had been satisfied, because the employer's right to request repairs constituted "some control" of the premises, such that the injury was subject to the parking lot exception to the going and coming rule. *Bruntz-Ferguson*, 310 Or App at 623-24. We further concluded that the "arising out of" prong of the unitary work connection test was satisfied, because the risk of injury, although "neutral," was one to which the claimant's employment had exposed her, "because she could not arrive to her workstation without first entering the building where her office was located," and her injury occurred in her normal ingress to work. *Id.* at 628.

In *Lynn*, the claimant was injured when she slipped on ice in a parking lot that the employer had requested its employees use. We held that the claimant's injury occurred in the course of her employment under the parking lot exception to the going and coming rule, because the employer exercised "some control" of the parking lot by virtue of having requested access to it from the landlord. We held, further, that the injury arose out of a risk to which the employment had exposed the claimant, because the employer had requested that its employees use the lot for the benefit of its clients, which served the employer's interests. 315 Or App at 727; *see also Miles*, 316 Or App at 486 (concluding that because the "claimant parked her vehicle in the portion of the parking lot designated by the employer for employee parking, thereby benefiting [the] employer" supported a conclusion that claimant's injury "arose out of" a condition that she was exposed to by her employer).

Consistent with *Lynn*, *Bruntz-Ferguson*, and *Miles*, here, substantial evidence supports the board's determination that employer exercised "some control" over the common area of the lobby and its conclusion that claimant's injury occurred in the course of her employment. Additionally, substantial evidence supports the board's finding that, in stepping onto the plywood ramp as she exited the elevator, claimant passed through a common location of ingress to her employment, thereby satisfying the "arising out of" prong of the unitary work connection test, because the risk of injury, although "neutral," was one to which claimant's employment exposed her.

Affirmed.