Argued and submitted January 25, reversed and remanded December 22, 2021, petition for review denied May 5, 2022 (369 Or 705)

In the Matter of the Compensation of
Sherrie A. Miles, Claimant.

Sherrie A. MILES,
*Petitioner,*

*v.*

BI-MART CORPORATION,
*Respondent.*

Workers' Compensation Board
1702687; A170057

504 P3d 64

Claimant seeks judicial review of an order of the Workers' Compensation Board upholding employer's denial of compensability of her claim. Before beginning her shift at work, claimant parked her vehicle in the portion of the parking lot designated by employer for employee parking. As she walked across the parking lot to the entrance of employer's retail store, claimant tripped on a portion of cracked and broken pavement and fell, injuring herself. The board concluded that employer's "periodic removal of trash and other hazards" from the parking lot was insufficient to establish employer "control" over the parking lot, and thus that the "parking lot" exception to the "going and coming" rule did not apply. On judicial review, claimant challenges the board's determinations that her injury did not arise out of and occur in the course of her employment. *Held*: The Workers' Compensation Board erred by failing to address several facts when it determined that the "parking lot" exception to the "going and coming" rule did not apply. Therefore, the board's decision was not supported by substantial reason.

Reversed and remanded.

Dale C. Johnson argued the cause and filed the briefs for petitioner.

Vera Langer argued the cause for respondent. Also on the brief was Lyons Lederer, LLP.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.*

EGAN, C. J.

Reversed and remanded.

_____

* Egan, C. J., *vice* DeVore, P. J.

**EGAN, C. J.**

Claimant worked as a pharmacy technician for employer, a retailer. Before beginning her shift at work, claimant parked her vehicle in the portion of the parking lot designated by employer for employee parking. As she was walking across the parking lot to the entrance of employer's retail store, claimant tripped on a portion of cracked and broken pavement and fell. Claimant was injured by that fall and required medical treatment. Claimant seeks judicial review of an order of the Workers' Compensation Board (the board) upholding employer's denial of compensability of her claim. We first address whether employer had "some control" over the area where the injury occurred such that the "parking lot" exception to the "coming and going rule" applies. Second, we address whether the injury "arose out of" claimant's employment as a neutral risk. Ultimately, we conclude that the injury arose out of and in the course of claimant's employment, and that the injury is compensable. Accordingly, we reverse and remand the board's order.

We review the board's order denying compensation of claimant's injury for substantial evidence and errors of law under ORS 656.298(7); ORS 183.482. Under ORS 183.482(8)(c), substantial evidence "exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." Additionally, the board's reasoning must provide a rational explanation of the factual findings that lead to the legal conclusions on which the order is based. *NAES Corp. v. SCI 3.2, Inc.*, 303 Or App 684, 692, 465 P3d 246, *rev den*, 366 Or 826 (2020). We begin our analysis with the legal context governing this dispute.

When a person is injured at work, that injury is compensable if it "aris[es] out of and in the course of employment." ORS 656.005(7)(a). Oregon has adopted a unitary work-connection test that requires the worker to prove both the "arising out of" and "in the course of" prongs as a single inquiry to establish "whether the relationship between the injury and the employment is sufficient that the injury should be compensable." *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). The "arising out of" prong examines the "causal connection between the injury and the

employment," and the "in the course of" prong assesses "the time, place, and circumstances of the injury." *Id*. Although an injury must meet both prongs of the unitary work-connection test, the test "may be satisfied if the factors supporting one prong are minimal while the factors supporting the other prong are many." *Compton v. SAIF*, 195 Or App 329, 332, 97 P3d 669, *rev den*, 337 Or 669 (2004).

In analyzing the "in the course of" prong, "injuries sustained while going to or coming from the workplace are not compensable." *Henderson v. S. D. Deacon Corp.*, 127 Or App 333, 336, 874 P2d 76 (1994). That rule is known as the "going and coming rule." *Id*. One exception to the going and coming rule is the "parking lot exception," which applies "when an employee traveling to or from work sustains an injury 'on or near' the employer's premises." *Id*. In determining whether the parking lot exception applies, we look to whether "the employer exercises *some control* over the place where the injury is sustained." *Id*. (internal quotation marks omitted; emphasis added).

With that legal context in mind, we turn to the facts. We take those facts from the board's order, which adopted the findings of the administrative law judge with supplementation. Employer leases retail space that includes a right to park vehicles in the adjoining parking lot. The lease provides that maintenance of the parking area is to be provided by the lessor. Employer uses portions of the parking lot for permanent shopping cart racks and for moveable shelving displays of items for sale. Employer periodically removes hazards, garbage, and lost items from the parking lot when needed. Employer acts to "proscribe certain behavior such as loitering, skateboarding[,] and parking in designated areas." For instance, employer placed "no loitering" signage, warning that improperly parked cars would be towed, and fenced off areas to "keep out skateboarders and loiterers who were banned from the property."

On the day that claimant was injured, before beginning her work shift, claimant parked her vehicle in the portion of the parking lot designated by the employer for employee parking. At the time, a coworker was watering plants, as a part of her work, in the area of the parking lot

where the injury occurred. As claimant continued toward the store's entrance, she tripped on a portion of cracked and broken parking lot pavement and fell. As a result of the fall, claimant required medical treatment. As noted, the board upheld employer's denial of the claim.

In reviewing whether claimant's injury meets the unitary work-connection test, we begin with the "in the course of" prong to determine whether the board's conclusion that employer did not have sufficient control over the parking lot is supported by substantial evidence. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c); *NAES Corp.*, 303 Or App at 692. Substantial evidence review also includes review for substantial reason—"that is, we determine whether the board provided a rational explanation of how its factual findings lead to the legal conclusions on which the order is based." *Id.* at 692 (internal quotation marks omitted).

As we explain below, the board failed to address the entirety of the record when it considered whether the injury occurred in an area where employer had "some control." The board explained its reasoning as follows:

> "In reaching this conclusion, we do not consider the employer's periodic removal of trash and other hazards to have constituted a right to require maintenance of the parking lot sufficient to establish employer "control" over the parking lot. *** Thus, the 'parking lot' exception to the 'going and coming' rule is not applicable. [*See, e.g.*, *Bruntz-Ferguson*, 69 Van Natta 1531, 1534.] Accordingly, claimant's injury did not occur 'in the course of her employment.'"

In explaining its rationale, the board relied almost exclusively on the maintenance provisions of the lease and on its order in *Bruntz-Ferguson*, 69 Van Natta 1531, 1534 (2017), which we have since reversed in *Bruntz-Ferguson v. Liberty Mutual Ins.*, 310 Or App 618, 623-24, 485 P3d 903 (2021). In that case, we said that, rather than focusing exclusively on the maintenance provision, "the important inquiry when evaluating the 'in the course of' prong is the degree of control." *Id.* So, for example, we held in *Bruntz-Ferguson*, that the employer's "right to request a repair," evinced

"some control." *Id*. at 624. Although "there is no formula" for determining whether a claim is compensable under the Workers' Compensation Act, "in each case, every pertinent factor must be considered as a part of the whole." *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 530, 919 P2d 465 (1996). Thus, it is essential that the board "gives weight to particular facts and direction to the analysis of whether an injury arises out of and in the course of employment." *Id*.

Here, the board failed to address several relevant facts that require the conclusion that employer had "some control" over the parking lot: (1) employer used the parking lot for shopping cart racks, shelves, and displays of items for sale; (2) employer fenced off particular sections to dissuade skateboarders and loiterers; and (3) at the time the injury occurred, a coworker was engaged in a work activity—watering plants—in the parking lot. Although the lease provided for repairs, maintenance, and replacement of light fixtures by the landlord, the lease also gave employer the authority to establish rules that restricted employee parking to designated areas, to request maintenance and repairs of the parking lot, and to proscribe activities like loitering, skateboarding, and parking in areas that the employer prohibited. All of those factors support the conclusion that employer had "some control" over the area where claimant's injury occurred. Because the board failed to consider those factors, its conclusion to the contrary is not supported by substantial reason.

We turn to whether claimant's injury "arose out of" her employment. An injury "arises out of" employment "if the claimant's injury is the product of either (1) a risk connected with the nature of the work or (2) a risk to which the work environment exposed claimant." *Legacy Health System v. Noble*, 250 Or App 596, 603, 283 P3d 924, *rev den*, 353 Or 127 (2012) (internal quotation marks and citation omitted). If a worker's injuries do not arise directly out of work activities, the risks are generally categorized as "personal risks," which are not compensable, or "neutral risks" which are not "distinctly associated" with a claimant's employment or personal to the claimant, and which may or may

not be compensable, depending on the circumstances. *Phil A. Livesley Co. v. Russ*, 296 Or 25, 29-30, 672 P2d 337 (1983). The risk posed by the broken parking lot pavement falls within the category of a neutral risk.

Injuries resulting from a neutral risk are compensable if employment conditions exposed the worker to the risk or put the worker in a position to be injured by that risk. *Id.* at 30; *Noble*, 250 Or App at 603. In rejecting claimant's contention that her injury was caused by a neutral risk to which her employment exposed her, the board neglected to take into account that claimant parked her vehicle in the portion of the parking lot designated by the employer for employee parking, thereby benefiting employer and exposing claimant to the cracked and broken parking lot pavement as she made her way into her place of employment by her normal route of ingress to work. *See Bruntz-Ferguson*, 310 Or App at 628. Accordingly, the board's conclusion that claimant's injury did not arise out of her employment lacks substantial reason.

Reversed and remanded.